UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

OLD ST. GEORGE'S LLC, ATK CONSULTING
INC., and THOMAS DeCHIARO,

                         Plaintiffs,

    -against-

NICHOLAS BIANCO, individually, LOUIS CAMPISI,
individually, LINDA COOPER, individually, BRUCE
BARBER, individually, JOHN TEGEDER,
individually, WILLIAM D. GREGORY, individually,
THE TOWN OF YORKTOWN, individually, and
GEORGE OROS, individually,

                        Defendants.

------------------------------------------------------------x

Docket No.: 08-CIV-5321
(SCR)

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT NICHOLAS BIANCO'S MOTION TO DISMISS

MIRANDA SOKOLOFF SAMBURSKY
SLONE VERVENIOTIS LLP
Attorneys for Defendants
240 Mineola Boulevard
Mineola, New York 11501
(516) 741-7676
Our File No.: 08-319

OF COUNSEL:
    BRIAN S. SOKOLOFF (BSS-7147)
    MELISSA HOLTZER (MH-6636)

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................1

STATEMENT OF FACTS ......................................................................................3

ARGUMENT ...........................................................................................................6

POINT I ..................................................................................................................6

PLAINTIFFS' CLAIMS AGAINST DEFENDANT BIANCO ARE BARRED BY
LEGISLATIVE IMMUNITY.................................................................................6

POINT II ................................................................................................................8

PLAINTIFFS' LAND USE CLAIMS ARE NOT RIPE FOR JUDICIAL REVIEW........8

POINT III................................................................................................................10

PLAINTIFFS' COMPLAINT DOES NOT STATE A CLAIM AGAINST BIANCO FOR
FOIL VIOLATIONS. .............................................................................................10

POINT IV ...............................................................................................................12

IF THE COURT DENIES THIS MOTION TO DISMISS, THE PALMIETTO
AFFIDAVIT AND ALLEGATIONS IN THE COMPLAINT STEMMING FROM IT
SHOULD BE STRUCKEN AS SCANDALOUS. ..............................................12

CONCLUSION.......................................................................................................15

# TABLE OF AUTHORITIES

## Cases

Alan and Alan Arts Ltd. v. Rosenblum, 201 A.D.2d 136, 615 N.Y.S.2d 410 (2nd Dep't 1994) ............................................................................................................................7

Bogan v. Scott-Harris, 523 U.S. 44, 49 (1998)....................................................................6

Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88-89 (2d Cir. 2002) ........................................................................................................................8

FRA S.p.A. v. Surg-O-Flex of America, Inc., 415 F.Supp. 421, 427 (S.D.N.Y. 1976)....13

Grunwald v. Bornfreund, 668 F.Supp. 128, 133 (E.D.N.Y. 187)......................................13

Jaegly v. Couch, 168 Fed. Appx. 480, 482 (2d Cir. 2006) ................................................10

LeBlanc-Sternberg v. Fletcher, 67 F.3d 412, 428 (2d Cir. 1995).......................................6

Murphy v. New Milford Zoning Comm'n, 402 F.3d 342, 347 (2d Cir. 2005)....................8

Rosenblatt v. Baer, 383 U.S. 75, 86, 86 S.Ct. 669, 676, 15 L.Ed.2d 597 ..........................14

Southview Associates, Ltd. v. Bongartz, 980 F.2d 84, 95-97 (2d Cir. 1992)......................8

Supreme Court of Va. v. Consumers Union, 446 U.S. 719, 732 (1980) .............................6

Tenney v. Brandhove, 341 U.S. 367, 377 (1951) .............................................................6, 7

Williams v. Williams, 23 N.Y.2d 592, 599 (1969).............................................................13

Williamson Co. Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 186, 194 (1985).........................................................................................................................8

## Statutes

Fed. R. Civ. P. 12(b)(6). ......................................................................................................3

Fed. R. Civ. Pro. 12(f) ........................................................................................................12

N.Y. Pub. Off. § 89(b)(4)(a) ...............................................................................................10

N.Y. Pub. Off. § 89(b)(4)(b)................................................................................................10

**Misc.**

http://www.thewineryatstgeorge.com/interests.htm ..........................................................13

http://www.thewineryatstgeorge.com/photo-album.htm ...................................................13

http://www.westchestergov.com/planning/environmental/FARMBD.htm .........................4

## PRELIMINARY STATEMENT

Plaintiffs have unsustainably commenced an action against defendant Nicholas Bianco, a Town Board member for the Town of Yorktown, alleging that a government agency that neither employs Bianco nor is in any way affiliated with Bianco denied plaintiffs' requests for special zoning status. Plaintiffs also allege that Bianco, through his actions as a member of the Town Board, deprived plaintiff of his constitutional rights in a way that is not specified. The law is clear that legislators are absolutely immune from 42 U.S.C. § 1983 liability for actions taken within their legislative authority, regardless of any improper motive. Plaintiffs' allegations against Bianco, to the extent that they allege anything, are for actions allegedly taken within his legislative authority, including decisions regarding zoning, and other actions taken on behalf of his constituents.

Although plaintiffs' Complaint is an 80-plus page diatribe, perhaps suitable for a press release, it nowhere alleges that plaintiffs applied for anything from the Town of Yorktown: no zone change, no variance, and no building permit. Rather, plaintiffs merely allege that Bianco and the remaining members of the Town Board expressed their desire that the Old Stone Church be granted landmark status. Plaintiffs do allege that the previous owner of the Church property, Michael Palmietto, wished to convert the Church into a restaurant, but the Board also rejected Mr. Palmietto's application. Mr. Palmietto, however, is not a plaintiff.

Since plaintiffs cannot show that they made an application to Bianco and/or Defendant Town of Yorktown, he can not show that he was denied any constitutional rights.

Bianco makes this motion to dismiss on the grounds that he is absolutely immune from suit in §1983 actions because his actions fall within the scope of his legislative authority.    Bianco also moves to dismiss on the grounds that, despite plaintiffs' voluminous Complaint, plaintiffs do not state a claim against Bianco.

## STATEMENT OF FACTS[1]

In 2000, Michael Palmietto purchased Old Stone Church with the intention of turning it into a café. (Exh. A, ¶ 68). Bianco expressed support for Palmietto's desire to turn the Church into a restaurant. (Exh. A ¶ 72). The Town Board voted against Palmietto's project. (Exh. A ¶ 87). Palmietto eventually sold the property to plaintiff Thomas DeChiaro in 2005. (Exh. A ¶¶ 98, 99). DeChiaro purchased the property with the intention of transforming the property into a vineyard and winery. (Exh. A ¶ 99).

Another defendant (not Bianco) advised plaintiffs that their property was not properly zoned for the commercial operation they sought to put on the property. (Exh. A ¶ 135). Plaintiffs allege that defendant William D. Gregory, the Town's Building Inspector advised plaintiffs in writing:

> The schedule of regulations of the Zoning Code of the Town of Yorktown presently does not provide for the type of use you describe in this zoning district. Consequently I cannot grant approval to conduct a for-profit winery at the site. I would again suggest that if you wish to pursue this matter, that you make an application to the Town Board of the Town of Yorktown for a zone change or amendment.

(Exh. A ¶ 135).

DeChiaro did not file any type of application with the Town Board (or with the Zoning Board of Appeals for a variance), but, rather, filed an application with Westchester County to have his parcel designated as an Agricultural District, which

---

[1] The facts set forth in this Complaint are accepted as true only for the purposes of this motion, as required by Fed. R. Civ. P. 12(b)(6).

provides the property owner with heightened protections with regard to his property use. (Exh. A ¶ 111).

Although Westchester County's Agricultural and Farmland Protection Board[2] recommended to the County that plaintiffs' application for designation as an Agricultural District be granted, (Exh. A ¶ 146), the decision was in the hands of the Westchester County Legislature. Defendant George Oros, a Westchester County Legislator, began a campaign to prevent plaintiffs' application from being granted. (Exh. A ¶ 168). Bianco and defendant Linda Cooper, the Town Supervisor, appeared before the Westchester County Board of Legislators on behalf of their constituents and spoke out against plaintiffs' application. (Exh. A ¶ 183). Eventually, the Westchester County Agricultural and Farmland Protection Board, who is not a defendant in this action, reversed its position and recommended against approval of plaintiffs' application. (Exh. A ¶ 184). The County subsequently denied plaintiffs' application. (Exh. A ¶184).

DeChiaro filed an application for a liquor license with the New York State Liquor Authority in order to operate his winery. (Exh. A ¶ 189). Bianco directed defendant Bruce Barber to contact the New York State Department of Environmental Conservation (DEC) to investigate potential wetlands violations on the subject property. (Exh. A ¶191). While the DEC did not find any state violations, Barber, the Town's Environmental Code Officer, signed and filed a criminal complaint for Town

---

[2] According to the County's website, accessed on August 1, 2008, the following is a description of the Agricultural and Farmland Protection Board: "Environmental professional staff of the Westchester County Department of Planning serve the eleven-member Board. Six members are Westchester residents from the agricultural industry appointed by the Chair of the County Board of Legislators, and five members consisting of a County Legislator, the Chair of the Soil and Water Conservation District Board of Directors, a County Cooperative Extension Agent, the County Planning Commissioner, and the Executive director of the County's tax commission serve as ex-officio."
See http://www.westchestergov.com/planning/environmental/FARMBD.htm

Environmental Code violations. (Exh. A ¶ 194)[3]. The NYS Liquor Authority, who is not a defendant in this action, denied DeChiaro's request for a liquor license based on the outstanding Environmental code violations. (Exh. A ¶ 197).

Plaintiffs made a Freedom of Information Law request to inspect the Town's file on his property. (Exh. A ¶ 206). Several documents were removed from the file prior to plaintiffs' inspection. (Exh. A ¶¶ 207-208).

Plaintiffs made an additional FOIL request to the NYS Liquor Authority. (Exh. A ¶ 223). Bianco contacted the NYS Liquor Authority and influenced them to deny plaintiffs' FOIL request. (Exh. A ¶ 224). Kimberly Morella, Deputy Director of Communications of the NYS Liquor Authority, denied plaintiffs' request. Plaintiffs' reiterated their request, and Ms. Morella, who is not a defendant in this action, responded that she could not locate the file plaintiffs' requested. (Exh. A ¶ 234).

---

[3] Plaintiffs do not allege that they obtained a favorable termination of those violations. For all that appears in the complaint, those charged violations remain pending.

## ARGUMENT

## POINT I

## PLAINTIFFS' CLAIMS AGAINST DEFENDANT BIANCO ARE BARRED BY LEGISLATIVE IMMUNITY.

Local government officials are absolutely immune from liability under 42 U.S.C. § 1983 in actions for both equitable and monetary relief for actions taken "in the sphere of legitimate legislative activity." See Bogan v. Scott-Harris, 523 U.S. 44, 49 (1998). Legislative immunity protects officials involved in legislative activity "not only from the consequences of litigation's results, but also from the burden of defending themselves." See Supreme Court of Va. v. Consumers Union, 446 U.S. 719, 732 (1980). This immunity applies even where legislators are accused of having acted with an improper motive. See Tenney v. Brandhove, 341 U.S. 367, 377 (1951).

Officials are protected from liability not only with regards to enacting legislation, but wherever they are "acting in a field where legislators traditionally have the power to act." See Tenney v. Brandhove, Id, 341 U.S. at 379.

Here, plaintiffs allege that Bianco, while acting in his capacity as a Town Board member, expressed that he would never approve a request for a variance if submitted by plaintiffs. (Exh. A ¶ 116). Even if plaintiffs could somehow find case law to support their proposition that an official's expression of an intention to vote in a particular manner on an application that was never filed could rise to the level of a constitutional violation, Bianco's decisions regarding zoning clearly fall within the scope of a field in which legislators traditionally act. See LeBlanc-Sternberg v. Fletcher, 67 F.3d 412, 428

6

(2d Cir. 1995) (Village officials cannot be held liable for voting in favor of a zoning law, even if the law violates plaintiff's rights).

Bianco is similarly immune from suit regarding his statements before the Westchester County Board of Legislators.[4]   Bianco appeared before the Board of Legislators on behalf of his constituents in order to participate in a legislative investigation into plaintiffs' applications.  Plaintiffs also allege that Bianco, on behalf of his constituents, requested that Barber conduct an investigation into whether plaintiff committed any wetlands violations.  Conducting or participation in investigations is an "established part of representative government."  See Tenney v. Brandhove, 341 U.S. at 377.   Thus, plaintiffs' claims regarding Bianco's statements before the Board of Legislators are similarly barred by legislative immunity.

---

[4] Even if Bianco spoke publicly to the Westchester County Legislature as a private citizen and not as a representative of his constituents, the idea that he could be sued in damages for making statements on a matter of public concern is highly offensive to the First Amendment.  See also Alan and Alan Arts Ltd. v. Rosenblum, 201 A.D.2d 136, 615 N.Y.S.2d 410 (2nd Dep't 1994)(court gives history and public policy reasons why immunity is offered to persons who speak before public agencies.)

## POINT II

## PLAINTIFFS' LAND USE CLAIMS ARE
## NOT RIPE FOR JUDICIAL REVIEW.

In order to bring a federal lawsuit related to land use issues, plaintiffs must first demonstrate that their claim is ripe for judicial review.  See Murphy v. New Milford Zoning Comm'n, 402 F.3d 342, 347 (2d Cir. 2005).  In land use cases, a plaintiff can establish ripeness by proving (1) that "the government entity charged with enforcing the regulations at issue" has rendered a "final decision" and; (2) that plaintiff has "sought compensation" where the state provides a "reasonable, certain and adequate" mechanism for obtaining compensation.  See Southview Associates, Ltd. v. Bongartz, 980 F.2d 84, 95 (2d Cir. 1992) (quoting Williamson Co. Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 186, 194 (1985)).  This analysis applies where, as here, plaintiffs have brought their land use claims under the due process clause.  See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88-89 (2d Cir. 2002) (citing Southview Associates v. Bongartz, supra, 980 F.2d at 96-97).

Plaintiffs' allegations are insufficient to establish that their land use claim is ripe for judicial review.  They have not alleged that they submitted a single application to the Town Board for consideration.  While plaintiffs have alleged that Bianco expressed his intent to vote in a particular manner should plaintiffs decide to apply for a zoning variance, they do not allege that they applied for a zoning change, zoning variance, building permit, or any other approval from the Town.  Not only do plaintiffs not allege a final decision, but they also do not allege that they sought anything requiring a decision from defendant Bianco (or anyone else in the Town of Yorktown).

8

Strangely, according to the complaint, the government entity that did make a "final decision" with regard to the use of plaintiff's land, Westchester County, is not a party to this action.

Plaintiffs' claims must be dismissed, as they are not ripe for judicial review.

## POINT III

## PLAINTIFFS' COMPLAINT DOES NOT
## STATE A CLAIM AGAINST BIANCO
## FOR FOIL VIOLATIONS.

New York's Freedom of Information Law provides that any individual denied access to a record may appeal this denial to the "head, chief executive or governing body of the entity." See N.Y. Pub. Off. § 89(b)(4)(a). Should the agency still deny access to the requested information after the appeal, an individual may commence a proceeding under Article 78 to obtain judicial review of the agency's determination. See N.Y. Pub. Off. § 89(b)(4)(b). Where, as here, an individual has not commenced an Article 78 proceeding, he has failed to state a violation of his constitutional rights. See Jaegly v. Couch, 168 Fed. Appx. 480, 482 (2d Cir. 2006). The only remedy available under FOIL is the disclosure of records. See Jaegly v. Couch, 168 Fed. Appx. at 482.[5]

Here, plaintiffs do not allege that they have exhausted their administrative remedies, namely, they have not appealed the alleged denials of the defendant Town of Yorktown or the New York State Liquor Authority. Since their complaint contains no allegation that they have commenced an Article 78 proceeding against Town of Yorktown or against the New York State Liquor Authority, they have not stated a claim for a violation of their constitutional rights.

Moreover, as the only remedy available under FOIL is the disclosure of records, these claims must be dismissed against Bianco. Bianco does not have the authority to make decisions regarding FOIL requests or disclose records for either the Town of Yorktown or the New York State Liquor Authority. Indeed, to the extent that plaintiff

---

[5] In light of this, plaintiffs' demand for compensatory damages in the amount of One Million dollars ($1,000,000.00) and punitive damages in the amount of Twenty Five Million dollars ($25,000,000.00) for defendants' alleged violation of FOIL is highly inappropriate.

alleges that the State Liquor Authority did not provide them with requested documents pursuant to FOIL, his cause of action lies with the Liquor Authority, not with Bianco.  As such, plaintiffs' FOIL claim should be dismissed.

## POINT IV

**IF THE COURT DENIES THIS MOTION TO DISMISS, THE PALMIETTO AFFIDAVIT AND ALLEGATIONS IN THE COMPLAINT STEMMING FROM IT SHOULD BE STRUCKEN AS SCANDALOUS.**

A court may strike from a pleading "any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. Pro. 12(f). Plaintiff's gratuitous inclusion of an affidavit from Michael Palmietto, sworn to on May 2, 2008, is exactly the type of material envisioned by the rule.

In this affidavit, Mr. Palmietto, a prior owner of the subject property, alleges that he gave political contributions to Mr. Bianco and others in the Town. He claims that Eric DiBartolo, the Town's Highway Superintendent, "was using this money for political campaigns that he said would get my projects approved." See Palmietto Aff., ¶ 13.

Plaintiffs then make a leap in the complaint, based on this affidavit, and allege, "So long as the recipient of such requests [for contributions] responded by making such 'contributions,' the defendants would process and approve whatever applications would be necessary for the project to be completed." See Complaint, ¶ 103.

Plaintiffs then allege that plaintiff DeChiaro did not make political contributions: "Succinctly stated, Mr. DeChiaro simply refused to concede to the defendants' unlawful demands or requests for what he perceived of as 'graft monies' or political patronage hirings of commercial vendors chosen by defendants."

A motion to strike is appropriate when "it is clear that the portion of the pleading sought to be struck has 'no bearing on the subject matter of the litigation and that its

inclusion will prejudice the defendant. . . ." <u>Grunwald v. Bornfreund</u>, 668 F.Supp. 128, 133 (E.D.N.Y. 187) (<u>quoting</u> <u>FRA S.p.A. v. Surg-O-Flex of America, Inc.</u>, 415 F.Supp. 421, 427 (S.D.N.Y. 1976).

The allegations that Palmietto paid what he described as "graft money" are irrelevant. Putting aside the illogic of the allegation – one person says he made bribes and didn't get approval for a commercial operation in the church and a second person says he did not get approval for a commercial operation because he *did not* make bribes – there is nothing in the Palmietto affidavit and nothing in the allegations relating to Palmietto that are admissible or relevant to this case. Plaintiffs' motives for why they did something or didn't do something – based on anything Palmietto had to say – are irrelevant, as well.

These allegations, unless stricken from this litigation, will prejudice defendant Bianco, who denies the allegations. Plaintiffs – and their counsel – have used the cover of this litigation to insulate themselves from defamation claims. They have issued a scandalous press release, <u>see</u> Press Release, a copy of which is annexed to the Sokoloff Declaration as Exhibit "B". They have appeared on television programs and created websites to disseminate widely the Palmietto statements. <u>See</u> http://www.thewineryatstgeorge.com/photo-album.htm (TV interview of plaintiff and his attorney in this lawsuit in which allegations are repeated); http://www.thewineryatstgeorge.com/interests.htm (affidavit and complaint posted on plaintiffs' website).

Plaintiffs have gone too far. <u>See</u> <u>Williams v. Williams</u>, 23 N.Y.2d 592, 599 (1969)("We conclude that it was never the intention of the Legislature in enacting section

13

74 [privilege to certain defamation claims] to allow 'any person' to maliciously institute a judicial proceeding alleging false and defamatory charges, and to then circulate a press release or other communication based thereon and escape liability by invoking the statute. 'Society has a pervasive and strong interest in preventing and redressing attacks upon reputation', and the courts are delegated with the responsibility of protecting that right. (Rosenblatt v. Baer, 383 U.S. 75, 86, 86 S.Ct. 669, 676, 15 L.Ed.2d 597.))

Should this Court deny this motion to dismiss, it should order stricken from the complaint the Palmietto affidavit and all of the scandalous, irrelevant, and damaging allegations made against defendant Bianco. Otherwise, the harm to Mr. Bianco will be permanent. See TIME Magazine, June 8, 1987 (Raymond Donovan: "Give me back my reputation!")

14

## CONCLUSION

For all of the foregoing reasons, defendant Bianco respectfully requests that this Court grant defendant's motion dismissing plaintiffs' complaint in its entirety; and, in the event that the Court denies this motion, that it strike the Palmietto affidavit and all allegations in the complaint related to Palmietto, with such other relief as to this Court may deem just, equitable, and proper.

Dated: Mineola, New York
     July 31, 2008

MIRANDA SOKOLOFF SAMBURSKY
SLONE VERVENIOTIS LLP
Attorneys for the Defendants

Brian S. Sokoloff (BSS-7147)
Melissa Holtzer (MH-6636)
The Esposito Building
240 Mineola Boulevard
Mineola, New York 11501
(516) 741-7676
Our File No.: 08-319

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NASSAU     )

Leila Krim, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Long Beach, New York.

That on August 5, 2008, deponent served the within **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT NICHOLAS BIANCO'S MOTION TO DISMISS** upon:

CAMPANELLI & ASSOCIATES, P.C.
Attorneys for Plaintiffs
129 Front Street
Mineola, New York 11501

WORMSER, KILEY, GALEF & JACOBS, LLP
399 Knollwood Road
PO Box 307
White Plains, New York 10603

WILSON, BAVE, CONBOY, COZZA & COUZENS, P.C.
2 William Street, 5th Floor
White Plains, New York 10601

VOUTE, LOHRFINK, MAGRO & COLLINS, LLP
170 Hamilton Avenue
White Plains, New York 10601

OFFICE OF THE COUNTY ATTORNEY
148 Martine Avenue, 6th Floor
White Plains, New York 10601

the addresses designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

Leila Krim

Sworn to before me this 5th
day of August, 2008.

NOTARY PUBLIC

KATHLEEN C. WITT
Notary Public, State of New York
No. is 01WI5054504
Qualified in Nassau County
Commission Expires January 16, 2010