UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
OLD ST. GEORGE'S LLC, ATK CONSULTING
INC. and THOMAS DeCHIARO,

08 CIV 5321

Judge Stephen C. Robinson

**Plaintiffs,**

**NOTICE OF MOTION**

-against-

NICHOLAS BIANCO, individually,
LOUIS CAMPISI, individually,
LINDA COOPER, individually,
BRUCE BARBER, individually,
JOHN TEGEDER, individually,
WILLIAM D. GREGORY, individually,
THE TOWN OF YORKTOWN and
GEORGE OROS, Individually,

**Defendants.**
------------------------------------------------------------------X

S I R S :

PLEASE TAKE NOTICE, that upon the annexed affirmation of WILLIAM

H. BAVE, JR., dated the 7th day of August, 2008, the exhibits and memorandum

of law annexed hereto and  all of the pleadings and proceedings heretofore had

herein, the undersigned will move this Court at 300 Quarropas Street, Room 633,

White Plains, New York 10601 on the 10th day of September, 2008, at 9:30am, or as

soon thereafter as counsel can be heard, for an Order dismissing the within action

for plaintiff's failure to state a claim upon which relief can be granted, pursuant to

FRCP Rule 12(b)(6)  and for such other, further and different relief as this Court

may deem just and proper.

Dated: White Plains, New York
       August 7, 2008

                    Yours, etc,

                    WILSON, BAVE, CONBOY, COZZA &
                    COUZENS, P.C.

By:  WILLIAM H. BAVE, JR. (0349)
        Attorneys for Defendant
        LOUIS CAMPISI
        Two William Street
        White Plains, NY 10601
        (914) 686-9010

CAMPANELLI & ASSOCIATES, P.C.
Attorneys for Plaintiffs
129 Front Street
Mineola, New York 11501
(516) 746-1600

MIRANDA, SOKOLOFF, SAMBURSKY
SLONE & VERVENIOTIS, LLP
Attorneys for Defendant BIANCO
240 Mineola Boulevard
Mineola, New York 11501
(516) 741-7676

RALPH F. SCHOENE, ESQ.
VOUTE, LOHRFINK, MAGRO & COLLINS, LLP
Attorneys for Defendant COOPER
170 Hamilton Avenue
White Plains, New York 10601-1789
(914) 946-1400

WORMSER KIELY, GALEF & JACOBS, LLP
Attorneys for Defendants BARBER
TEGEDER, GREGORY and
TOWN OF YORKTOWN
399 Knollwood Road
White Plains, New York 10603
(914) 997-0900

HILLARY J. RAIMONDI, ESQ.
COUNTY ATTORNEY, COUNTY OF WESTCHESTER
Attorney for Defendant OROS
148 Martine Avenue
White Plains, New York 10601
(914) 995-3671

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X    **Index No.: 08CIV 5321(SCR)**
OLD ST. GEORGE'S LLC, ATK CONSULTING
INC. and THOMAS DeCHIARO,

                                        Plaintiffs,

                -against-

                                                                    <u>**AFFIRMATION**</u>

NICHOLAS BIANCO, individually,
LOUIS CAMPISI, individually,
LINDA COOPER, individually,
BRUCE BARBER, individually,
JOHN TEGEDER, individually,
WILLIAM D. GREGORY, individually,
THE TOWN OF YORKTOWN and GEORGE OROS,
Individually,

                                        Defendants.
-----------------------------------------------------------------X

        WILLIAM H. BAVE, JR. affirms and states:

        1.      I am a partner in the firm of WILSON, BAVE, CONBOY, COZZA &

COUZENS, P.C., attorneys for defendant LOUIS CAMPISI.  This affirmation is in

support of the pre-answer motion to dismiss the Complaint against Louis Campisi

pursuant to FRCP 12(b) (6).

        2.      The complaint with attached exhibit (Exhibit A) alleges violations of

plaintiff's right to petition the government and due process claims pursuant to 42USC

§1983 and §1985 citing the Fifth and Fourteenth amendments to the U.S. Constitution.

The gravamen of the action is plaintiff's contention that the defendants conspired to

deny him the right to use his property on Route 6 in the Town of Yorktown as a winery.

3.    The subject property is known as Old Stone Church. In or about August 2005, plaintiff purchased the property from Michael Palmietto. The property consists of approximately .7 acres on which the Old Stone Church is situated. The property also contains a wet lands area. Mr. Palmietto had unsuccessfully pursued a zoning change from R1-20 to Transitional Zone for the purpose of operating a restaurant on the property.

4.    The request for a variance was the subject of public hearings and discussed at numerous meetings of the Town Board (relevant minutes of Town Board attached as Exhibit B). At a public hearing on August 17, 2004 and September 21, 2004 the concerns of the citizens included the traffic congestion, wetlands, the use of Town property for parking and drainage issues. In a resolution March 1, 2005 by a vote of 4 to 1 the Town Board denied the application for a zoning change to permit the property to be used as a restaurant. The minutes of the meeting when the vote was taken document the reasons the board members voted as they did. The minutes reflect that Councilman Campisi's main concern and the one upon which he based his vote was the traffic problem on Route 6.

5.    In June 2005 the issue of whether to declare the Old Stone Church a landmark was raised. In July 2005 the minutes reflect that a Greek Orthodox Congregation was considering acquiring the property. However, in August 2005 the property was purchased by plaintiff. Whether to grant landmark status continued to be an issue. Public hearings were held in January and February 2006. At the February hearing the minutes reflect that Councilman Campisi was against land marking if the owner was opposed. The resolution to landmark the building was rejected on a vote of

3 to 2 on July 18, 2006. Campisi voted "no" based upon his previously stated position that landmark status should not be granted over the property owner's opposition.

6.     The minutes reflect that plaintiff appeared before the board with reference to this property on three occasions. On July 11, 2006, he appeared to request a wetlands permit. It was suggested that he submit a site plan for residential use rather than farm use. The minutes reflect that he would change the site plan and resubmit. He again appeared before the board on November 27, 2007. He produced a letter from the Department of Agriculture and Markets (Exhibit B of complaint) defining "farming operation" The last minutes concerning the property document a February 26, 2008 meeting with plaintiff and his attorney. It was explained to plaintiff that the use to which he wanted required a rezoning and he must submit an application. He was told that the traffic problem must be addressed.

7.     The next communication at least to Councilman Campisi was this lawsuit. The suit alleges that defendant made an effort to influence officials of the State and County to delay or deny plaintiff's application to have the property designated a "farm operation" (paragraph 123(a) & (c))..

8.     Plaintiff contends that the state has designated the property as a "farm operation" citing Exhibit B attached to the complaint. However, exhibit B does nothing more than define the term "farm operation". The fact is that this property has never been designated as a farm by either the State or County governments.

9.     While plaintiff may have applied to the County for the parcel to be included in an agricultural district (Exhibit C of complaint), there has never been a determination granting the application by the County. On the last page of the exhibit it states "In

addition, the applicant must demonstrate a good faith effort to secure all local permits and approvals".

10.    With reference to plaintiffs' allegation that the defendants Bianco, Campisi, Cooper and Oros used "undue influence" to have the Agriculture Board reverse its decision, there is not even an allegation that defendant Campisi did anything to effect the decision or was even in a position to do so.

11.    Likewise with regard to the allegations concerning the New York State Liquor Authority (paragraph 185 et seq) there are no allegations that Campisi had any involvement.    The allegation that the defendant Campisi "censored" or "removed" unidentified records from the Town is devoid of any basis even in the compliant.

12.    Plaintiff alleges that defendant Campisi was acting "under the color of state law" but fails to state or articulate any act in his official capacity that deprived plaintiff of any rights, privileges, or immunities secured by the Constitution and Laws.

13.    When reduced to it's essence the complaint alleges that a committee of the County of Westchester initially approved of the property to be included in an agricultural district but reversed its decision after a public hearing at which two defendants not including Campisi expressed their opposition to the designation.

14.    The complaint is devoid of any allegations that the Yorktown Town Board took any action or made any decision which could even arguably be claimed deprived plaintiff of a right guaranteed by the US Constitution.

15.    The complaint alleges that the defendants including Campisi opposed plaintiff's use of his property as he desired as a result of personal animus yet the complaint fails to allege any motive or basis for its claim.

16. The minutes of the Town Board meetings clearly show that defendant Campisi was against a variance for this property prior to plaintiff's ownership. The crucial flaw in plaintiff's complaint and the reason it fails to state a cause of action is that he never submitted his plans to the Town Board for approval. It appears that all of plaintiff's efforts were directed to finding a way to avoid requiring Town Board approval of his planned use of the property.

17. Defendant Campisi had no control over the State of New York, County of Westchester or the State Liquor Authority. There is no reasonable nexus between the decisions of those entities and the alleged violation of plaintiffs' civil rights.

18. Defendant also contends that any vote that he did cast as a Town Board member concerning this property is protected from suit by legislative immunity. The minutes of the board meetings indicate that the only vote cast by defendant Campisi concerning the property while plaintiff was the owner related to the landmark designation. Defendant voted "no" based upon the plaintiff's opposition to the designation.

19. Plaintiff has failed to state a cause of action since he did not obtain a final decision from the Town Board for use of the property as a winery. (Campisi affidavit is attached at Exhibit "C")

DATED: White Plains, New York
       August 7, 2008

WILLIAM H. BAVE, JR.  0349

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
OLD ST. GEORGE'S LLC, ATK CONSULTING INC.
and THOMAS DeCHIARO,

                            Plaintiffs,                 08 CIV 5321 (SCR)

       -against-

NICHOLAS BIANCO, Individually
LOUIS CAMPISI, Individually
LINDA COOPER, Individually
BRUCE BARBER, Individually
JOHN TEGEDER, Individually
WILLIAM D. GREGORY, Individually
THE TOWN OF YORKTOWN, and
GEORGE OROS, Individually,

                            Defendants.
----------------------------------------------------------------X

COUNSELORS:

    **PLEASE TAKE NOTICE AS DIRECTED BY THE COURT EXHIBIT "A"
PLANTIFF'S COMPLAINT IS NOT ANNEXED HERETO AS IT HAS BEEN
PREVIOUS FILED WITH THE COURT VIA ECF ON JUNE 11, 2008.**

**MINUTES \ 1996 \ WORKSESSION TOWN MEETING June 12, 1996**
THE OLD STONE CHURCH:

This site was referred to the Planning Director for a zoning analysis. This is an area master planned for commercial use. It is currently zoned R1-20. The church has been called the gateway into Mohegan Lake's commercial area. If the site were to be developed as a restaurant, the problem would be parking.

Councilman Bianco stated that the wetlands are very close to the site.

Mr. Sjoberg stated that the Town could permit "conservation parking spaces." The owner should reflag the wetlands both on his site and the neighboring Town owned site.

Councilmen Ajello and Martorano agreed that they wanted to maintain the viability of this site.

Mr. Sjoberg was told to prepare a draft response to the applicant.

1

**MINUTES \ 2001 \ REGULAR TOWN MEETING August 21, 2001**

RESOLUTION #365

Upon motion by Councilman Martorano, seconded by Councilman Braun,

      RESOLVED, that application of Michael Palmietto for a Change of Zone from R1-20 to Transitional Zone for the Old Stone Church, Route 6 to the Building Inspector, Environmental Code Inspector, Highway Supt., Planning Department, Town Attorney, Town Board, Town Engineer, Conservation Board, Planning Board, Zoning Board of Appeals, NYS DEC, NYS DOT, and the Town of Cortlandt for review and recommendation.

      Martorano, Bernard, Bianco, Braun, Cooper voting aye.

                      Resolution adopted.

**MINUTES \ 2001 \ WORKSESSION TOWN MEETING September 12, 2001**
OLD STONE CHURCH: Albert Capellini, Attorney, and Anthony Romano, Architect, for the
Applicant

The majority consensus of the Town Board were in favor of the proposed restaurant

**MINUTES \ 2004 \ WORK SESSION TOWN MEETING March 9, 2004**
<u>OLD STONE CHURCH</u>
<u>EAST MAIN STREET, SHRUB OAK/</u>
<u>MOHEGAN LAKE</u>

    Attorney Al Cappellini and his client Mike Palmietto presented their site plan regarding their change of zone request to transitional zoning. Memorandum from the Planning Department approving of the site plan was presented. Supervisor Cooper mentioned that she would like to see this landmarked as well. Bruce Barber will coordinate SEQRA with Town Attorney Kevin Sweeny. Advertising for a public hearing was set for the March 16th Town Board Meeting with the public hearing to be held on April 6, 2004.

**MINUTES \ 2004 \ REGULAR TOWN MEETING March 16, 2004**
SET PUBLIC HEARING
OLD STONE CHURCH/PALMIETTO
REQUEST FOR CHANGE OF ZONE
RESOLUTION #113
  Upon motion made by Councilman Martorano, seconded by Councilman Campisi,

  NOTICE IS HEREBY GIVEN that a public hearing will be held by the Town Board, Town of Yorktown, Westchester County, New York at the Town Hall, 363 Underhill Avenue, Yorktown Heights, New York on the 6th day of April at 7:30 o'clock PM, or as soon thereafter the same can be heard, to consider the application of Michael Palmietto pertaining to his request for amending the town of Yorktown Zoning Ordinance and Zoning Map and for related land use approvals as it pertains to lands located at the Old Stone Church, Route 6-East Main Street, Mohegan Lake a/k/a Section 3.14, Parcel 121, No Lot Number, on the Tax Map from R1-20 One- Family Residential to Transitional.

Martorano, Bianco, Metz, Campisi, Cooper voting aye.
          Resolution adopted.

1

**MINUTES \ 2004 \ REGULAR TOWN MEETING April 6, 2004**
<u>PUBLIC HEARING</u>
<u>OLD STONE CHURCH RTE. 6</u>
<u>CHANGE OF ZONE - PALMIETTO</u>
 Supervisor Cooper called to order a Public Hearing to consider an application to re-zone the site of the former Saint Elizabeth Seton Church from R1-20 to transitional zone and approving the site plan for the use of the church building as a restaurant together with a wetlands permit. Affidavits of Publication and Posting were presented by the Town Clerk.

 All those present having been given the opportunity to be heard and there being no further discussion. Councilman Bianco motioned, seconded by Councilman Campisi to adjourn the public hearing until the April 20, 2004 Town Board meeting.

 Bianco, Metz, Campisi, Cooper voting aye

*GCP MinuteManager*
*Town of Yorktown, NY*

**MINUTES \ 2004 \ WORK SESSION TOWN MEETING April 13, 2004**
<u>OLD STONE CHURCH</u>
The Town Board went over various unresolved issues with the Conservation Board and Bruce Barber. The determination made is that the public hearing will resume on May 18th, and if there are any outstanding issues, the Town Board will list them as conditions that must be met before the site plan is signed by the Supervisor.

**MINUTES \ 2004 \ WORK SESSION TOWN MEETING April 27, 2004**
Reconvene Old Stone Church, East Main Street, Mohegan Lake/Shrub Oak - public hearing on site plan and wetlands permit

**MINUTES \ 2004 \ REGULAR TOWN MEETING August 3, 2004**
SET PUBLIC HEARING
PALMIETTO (OLD STONE CHURCH)
CHANGE OF ZONE
RESOLUTION #298
   Upon motion made by Councilman, seconded by Councilman,

   NOTICE IS HEREBY GIVEN that a re-convene of a public hearing will be held by the
Town Board, Town of Yorktown, Westchester County, New York at the Town Hall, 363
Underhill Avenue, Yorktown Heights, New York on the 17th day of August at 7:30 o'clock PM,
or as soon thereafter the same can be heard, to consider the application of Michael Palmietto
pertaining to his request for amending the Town of Yorktown Zoning Ordinance and Zoning
Map and for related land use approvals as it pertains to lands located at the Old Stone Church,
Route 6-East Main Street, Mohegan Lake a/k/a Section 3.14, Parcel 121, No Lot Number, on the
Tax Map from R1-20 One-Family Residential to Transitional.

   Cooper, Bianco, Metz, Campisi, Martorano voting aye.
           Resolution adopted.

August 17, 2004                              6

Mr. Paul Moskowitz asked what was the rush to decision for? He asked how the Town of Yorktown could consider subsidizing a private business owner? He also questioned the legality of whether the Town Board could permit a private business to use property owned by the Town of Yorktown which has been dedicated as parklands. He spoke of a lawsuit which went all the way up to the Court of Appeals which stated that the only body which can permit the use of parklands for another purpose is the New York State Legislature. Mr. Moskowitz also spoke about a decision agreed upon by four councilmen which stated that if nearby infrastucture was insufficient or failing, developers would not be able to pursue their projects. He said this project is on Route 6 and isn't that we have major traffic issues?

Mr. Eric DiBartolo, Highway Superintendent for the Town of Yorktown supported this proposal stating that if something is done with this structure soon, it would deteriorate. The church was closed years ago and the area needs to be reclaimed.

Mr. John Gordon, a resident of Mohegan Lake wondered who would be parking in the municipal parking lot which is proposed for the site. He has lived here for 32 years. He is opposed to this proposal. He felt that this site could be used as a Visitor's Center. Mr. Gordon showed the Town Board photographs of the wetlands in the rear of the property which he says are beautiful. He believes this site should be saved.

Mrs. Judith Gordon, said if this building was landmarked, it would be eligible for grants so that it could be developed into a Visitor's Center.

Mrs. Linda Clemenza asked how many parking spaces are on the plan?

Mr. Riina stated that the plans show 52 spaces.

She asked what was the backup plan? Mrs. Clemenza ended by stating that the idea for this type of restaurant was good one, but not for this area. Route 6 in this area is narrow. It should be widened.

Mr. Beck, who lives just across the street from this site opposed its development. He stated that there is already too much traffic.

Dr. Hoegler disagreed that the wetlands expected to be disturbed can be exchanged for mitigation work perform elsewhere. He also asked the Town Board for other examples of the Town donating parkland to private developers.

Mr. Capellini stated that this property has been privately owned since 1983. Mr. Palmietto has been paying taxes totaling approximately $10,000 yearly for non use.

Supervisor Cooper explained that this proposal is somewhat a "partnership."

Mr. Ciffone told the Town Board that the idea of exchanging the Bernstein property for the church is a terrific one. He would bring that up at the next Museum Board meeting.

All those present having been given the opportunity to be heard and there being no further discussion, upon motion by Councilman Metz and seconded by Councilman Bianco, the hearing was adjourned.

Bianco, Metz, Cooper voting aye.

**MINUTES \ 2004 \ REGULAR TOWN MEETING August 17, 2004**
<u>PUBLIC HEARING</u>
<u>OLD STONE CHURCH RTE. 6</u>
<u>CHANGE OF ZONE - PALMIETTO</u>
 Supervisor Cooper reconvened a Public Hearing to consider an application to re-zone the site of the former Saint Elizabeth Seton Church from R1-20 to transitional zone and approving the site plan for the use of the church building as a restaurant together with a wetlands permit.

 Mr. Albert Capellini, attorney for the applicant gave an overview of the application. The proposal for a change of zone would permit the property to be used as a restaurant. The site itself has been called the "Gateway to Mohegan Lake." They have been granted a permit by the New York State Department of Transportation to use 5,000 square feet of their property as a parking lot. In return for the use of a portion of town land, the applicant will restore a non-functioning wetland. The applicant has met with the Landmarks Preservation Committee and has no problem with the structure being landmarked.

 Mr. Howard Frank stated that the sign telling residents that the property was the subject of an application before the Town Board was not posted.

 The Town Clerk stated that the applicant has provided her with new pictures showing that it was and still is posted.

 Mr. Frank asked if this business would be placed on sewers? He spoke about a nearby brook which flows out of Mohegan Lake. Mr. Frank said, if this property is sewered, it would have to have a sewage ejection pump. He wondered if the old septic tank had been removed. Mr. Frank questioned where the kitchen for this restaurant would be. Could it be the site of coal storage bin for the former Church? If so, wouldn't that space be too small. Mr. Frank also asked about the placement of the dumpsters? He questioned the size of the wetlands on the property. Mr. Frank also questioned the grade of the driveway. Is the site distance sufficient for people exiting the location. Will it be serviced by gas? Mr. Frank also spoke about various letters that he found in the Town Clerk's files which date back to the late 1980's. He questioned if the church should be preserved by turning it into a restaurant.

 Mr. Joseph Riina, engineer for the applicant responded to a number of Mr. Frank's questions, the driveway grade will be brought up to meet the current town code. There is a garbage containment area on the site. The area where the restaurant will be built is the addition to the existing building. While they will impact the wetlands, they will restore an area which is seven times the area that will be effected by their parking lot.

1

**MINUTES \ 2004 \ REGULAR TOWN MEETING September 21, 2004**
PUBLIC HEARING
OLD STONE CHURCH RTE. 6
CHANGE OF ZONE - PALMIETTO
    Supervisor Cooper reconvened a public hearing to consider an application to re-zone the site of the former Saint Elizabeth Seton Church from R1-20 to transitional zone and approving the site plan for the use of the church building as a restaurant together with a wetlands permit.

    Mr. Albert Capellini, attorney for the applicant provided an overview of the project. He further stated that this property has been on the tax rolls since 1983, prior to that it was a church and not subject to taxes.

    Mr. Edward Killeen, Co-Chair of the Open Space Advisory Board stated that much of the land which the applicant has shown us and talked about is owned by the public. He gave a brief history of this parcel which was formerly known as St. George's Chapel. During the mid 1990's, the Town of Yorktown condemned a nearby parcel and stated that it would be used for park and wetland preserve purposes. There was even a possibility that the property could be used as an outdoor science project. The property owned by the applicant is very tight. This is an important wetland. If this project goes though, all of the greenery surrounding the church will be lost. If we rezone the property to a transitional zone and the restaurant fails, what then? This is the only area between Peekskill and Brewster where both sides of the street are not commercially zoned. Mr. Killeen believes this is a too intense use for the site. He read a memorandum from the Conservation Board dated February 18, 2004 which also questioned the proposed use of this property. Mr. Killeen asked a series of questions including; is this the only use for the property, will it help traffic flow, should the Town be giving public land to a private developer? Mr. Killeen ended by reading a memorandum from the Open Space Committee.

    Mr. Paul Moskowitz asked how this Town Board could consider such an application after it proposed an amendment which he says would turn down any proposed development in areas with failing infrastructure. Isn't Route 6 in failure? He did hear a traffic consultant say at the last meeting on this application that the project would not have a negative impact on traffic. Mr. Moskowitz also spoke about flooding issues. He said the fundamental cause of flooding is human error.

    Councilman Martorano disagreed with Mr. Moskowitz' explanation of the Town Board's proposal concerning projects in areas of infrastructure failure.

September 21, 2004                4
    Mr. William Beck again objected to having this restaurant across the street from where he lives. He told the Town Board that his wife was killed in an automobile accident near his

driveway.  He further stated that the amount of traffic already on Route 6 makes leaving his home difficult.

Dr. Charlene Hogeler called this a precarious piece of land.  The Town will be setting a dangerous precedent if it takes public land and gives it to a private developer.  What does the Recreation Commission say about this proposal?  Is the Town approaching a maximum on development?

Mr. Jay Miller stated that Route 6 is already bursting at the seams.  Wetlands mitigation is bad science.  Property owners have right.  The citizens of Yorktown also have rights concerning the property which is publically owned.

Supervisor Cooper stated that the Town is not giving any property away.  The proposal is for a shared use.

Mr. Howard Frank stated that he reviewed the plans.  50% of the existing driveway is on land owned by the Town of Yorktown.

Mr. Robert Pristash asked where and when did this idea for a shared use of the parking lot come up?  Shared use or not, parkland does not mean parking.

Mr. Joe Riina stated that buffer mitigation was proposed.  The Environmental Engineer and the Town Engineer agreed that what was needed was the replacement of a nearby culvert.  The proposed project encroaches 230 feet into the wetland buffer, but the mitigation we are proposing is about 3,000 square feet.  The entire parking area will be done with pavers or gravel.

Mr. Edward Ciffone stated that he heard that improvements to the interior of the church was already made.

Mr. Edward Killeen stated that the goal should be that it is preserved as a church.

Mr. Capellini stated it is his client's intent to have the landmark status remain with the building.

Mr. Anthony Romano, architect for the applicant stated that there will be no signage on the building.

All those present having been given the opportunity to be heard and there being no further discussion, upon motion by Councilman Metz and seconded by Councilman Campisi, the hearing was closed.  The public will be given ten additional days to make additional comments.

Cooper, Metz, Campisi, voting aye.

2

Bianco, Martorano voting nay.

3

**MINUTES \ 2005 \ WORK SESSION TOWN MEETING February 8, 2005**
OLD STONE CHURCH -MOHEGAN LAKE

Mr. Anthony Romano discussed an alternative for office to their current proposal of having a restaurant at this location. Fewer parking spaces are required for this use. Also, they would have shared parking with the adjoining site.

Supervisor Cooper explained that she has made numerous trips to this site. The wetlands on this site are not pristine. Even if some of the members of this Board are considering this for a Town Hall annex, the question concerning will there be enough parking would still be on the table.

Councilman Campisi stated that the current application for a restaurant should go on the March 1st agenda for a decision.

1

**MINUTES \ 2005 \ WORK SESSION TOWN MEETING February 22, 2005**
<u>OLD STONE CHURCH</u>

At 10:40 p.m., the Board discussed the wetlands permit request for the Old Stone Church. The Board agreed to place this issue on the March 1, 2005 Town Board agenda.

**MINUTES \ 2005 \ TOWN MEETING March 1, 2005**
DECISION
REQUEST FOR CHANGE OF ZONE - PALMIETTO
RESOLUTION # 78

  Upon motion made by Supervisor Cooper, seconded by Councilman Martorano,

  WHEREAS, the Town Board of the Town of Yorktown has received from Michael Palmietto an application for an amendment to the Yorktown Zoning Ordinance and Zoning Map from R1-20 One-Family Residential to Transitional and for related land use approvals pertaining to the redevelopment of the "Old Stone Church" (the site of the former Saint Elizabeth Seton Church, formerly known as St. George's Chapel) on Route 6-East Main Street, Mohegan Lake, for use as a restaurant, as depicted on the plans prepared by Joseph Riina, engineer for the applicant bearing Revision Date April 15, 2004; and

  WHEREAS, the Applicant Palmietto's property is also known as Lake a/k/a Section 3.14, Parcel 121, No Lot Number; and

  WHEREAS, by resolution dated April 6, 2004, the town Board of the Town of Yorktown made the following determinations:

  1.  That the proposed action required SEQRA review;
  2.  That the proposed action is Unlisted;
  3.  That the Town Board wished to assume Lead Agency status in connection with the SEQRA review of the proposed action; and

  WHEREAS, the Town Board declared, and circulated a declaration of, its intent to act as Lead Agency in connection with all processing, procedures, determinations and findings to be made or conducted with respect to the Wetlands Permit application under Section 8-0101, et. seq. of the Environmental Conservation Law ("SEQRA") and the regulations promulgated by the New York State Department of Environmental Conservation thereunder, which appear at 6 N.Y.C.R.R. Part 617.6(b) (the "SEQRA" Regulations); and

  WHEREAS, no involved agency challenged the Town Board's lead agency status; and

  WHEREAS, said application was circulated for review and comments were received from ABACA, the Conservation Board, the Engineering Department, the Environmental Code Inspector, the Planning Board and the Planning Department, the Open Space Committee, and the Landmarks Commission; and

  WHEREAS, the applicants' engineer has submitted an appropriate Environmental Assessment Form which has been satisfactorily reviewed by the Town's Environmental code

Inspector; and

WHEREAS, a public hearing was convened on the 6th day of April 7:30 o'clock PM, adjourned to April 20, 2004, adjourned to and reconvened on August 17, 2004, and again adjourned to and reconvened on September 21, 2004, during which public hearing the applicant presented information and arguments in favor of granting the re-zone and site plan approval and members of the surrounding neighborhood and the public at large were afforded the opportunity to present information and express their views concerning the application; and

WHEREAS, the Town Board finds that the applicant's plans, as revised to incorporate recommendations of ABACA, the Conservation Board, the Engineering Department, the Environmental Code Inspector, the Planning Board and the Planning Department, the Open Space Committee, the Landmarks Commission, and the Town Board reduce but do not eliminate potential environmental impacts; and

WHEREAS, the Town Board finds that:
- the site of the proposed project abuts a sensitive wetlands park area owned by the Town of Yorktown
- the site is hampered by size constraints which, among other things, limit the space available for necessary driveway and parking areas
- the applicant's proposal calls for the non-exclusive use of Town-owned land in the adjacent sensitive wetlands park area for additional parking spaces
- the proposed use of Town-owned land in the adjacent sensitive wetlands park area would not be in the best interests of said area or of the residents of the Town of Yorktown as a whole
- the site is located along a very heavily traveled roadway which is already the subject of great concern due to traffic density and inadequate infrastructure, as evidenced by a recently completed Sustainable Development Study conducted by the Town in conjunction with neighboring communities, the County of Westchester and the State of New York
- the existing grade and improvements on the site, together with existing traffic and road conditions on Route 6 make turns into and out of the site difficult and dangerous
- the proposed use would tend to exacerbate serious existing traffic density and safety problems

now therefore be it

RESOLVED, the above-referenced application for re-zoning and site plan approval should be, and hereby is, denied.

Martorano, Metz, Campisi, Bianco voting aye. Cooper voting nay
Resolution adopted.

2

**MINUTES \ 2005 \ TOWN MEETING March 1, 2005**

Supervisor Cooper read from prepared remarks (a copy of which is in the file of the Old Stone Church). She stated that "I support this application for transitional zone, as I support preservation of the historical nature of this building, conservation and restoration of important wetlands and reduction in flooding conditions to Mohegan residents. One of the challenges facing elected officials is to have a vision of what can be. While we are still looking at today's problems and resolving the day-to-day complaints, we also must provide for the Mohegan Lake of tomorrow. One that is pleasing to the eye, economically vibrant, easily traversable on foot and by car, and that holds together as a business center and does not become dilapidated, unsightly and simply a place to pass through but not stop.

Councilman Bianco stated that he was proud of his colleagues on the Board tonight. We see a problem on Route 6 and we are willing to do something about it. No business person in that area is doing well because of the traffic. He questioned how someone could want to save a wetland on Underhill Avenue, yet destroy a wetland on Route 6. Flooding in that area is a result of previous decisions made by former Town Boards. Councilman Bianco stated that he had to hear that the applicant was planning to have a portion of his parking lot on town property from a local vendor, not the applicant. He ended by stating that he would not vote on anything that would intentionally destroy a wetland. Councilman Bianco stated that he is willing to work with the applicant, but he has to deal with the lack of infrastructure in the area.

Councilman Metz stated that the Town Board has invested a tremendous amount of time on this application. Approving this application would destroy the quality of life for people in the area. The applicant needs to find an alternative use.

Councilman Campisi stated his concern is the traffic. A woman was killed in this area because of traffic.

Supervisor Cooper responded that she authored the wetland law. The area on the applicant's property is not pristine, it is rubble. She further stated that as of right uses which are available to the applicant could have a more devastating effect on traffic then this proposal.

Councilman Martorano stated that there is a possibility that the road would be improved over the next eighteen (18) months.

**MINUTES \ 2005 \ WORK SESSION TOWN MEETING June 14, 2005**
OLD STONE CHURCH
REQUEST TO LANDMARK

       Gary Corwin and Tom Travis, Co-Chairs of the Landmarks Preservation Commission met with the Board stating that they have received an application asking that the Old Stone Church to be declared a landmark.  Mr. Corwin stated that the structure has significant historic value.  The owner of the structure has stated that he does not want his building landmarked. Geraldine Schwab, real estate agent for the owner of the property asked the Town Board if they would designate a structure a landmark over the objections of the owner?  In the history of Yorktown this has never happened.  When the Town designated Shrub Oak a historical district many years ago, one man went home and painted his home red, white and blue.  The Town Board subsequently withdrew that designation.    The Landmark Commission will continue through with its process that will lead to a public hearing.

1

**MINUTES \ 2005 \ REGULAR TOWN MEETING July 5, 2005**
SUPPORT FOR HISTORIC PRESERVATION GRANT
OLD STONE CHURCH
RESOLUTION #272

        Upon motion made by Councilman Martorano, seconded by Councilman Bianco,

        WHEREAS, St. Ambrose of Milan Orthodox church is applying to the New York State Office of Parks, Recreation and Historic Preservation for a grant under the Environmental Protection Fund for an historic preservation project on East Main Street, Mohegan Lake, New York, a site located within the territorial jurisdiction of this Town Board;

        WHEREAS, the Town of Yorktown is in the process of landmarking said structure and the New York State Office of Parks, Recreation and Historic Preservation has indicated that the site of the project, St. George's Chapel, is eligible for listing on the State and National Registers of Historic Places;

        WHEREAS this St. Ambrose of Milan Orthodox Church is attempting to purchase the Old Stone Church, also known as St. George's Chapel;

        NOW, THEREFORE, BE IT RESOLVED, that should the St. Ambrose of Milan Orthodox Church become the rightful owner of said property, that the Town Board of the Town of Yorktown hereby endorses the application of St. Ambrose of Milan Orthodox Church for an historic grant.

        Cooper, Martorano, Campisi, Metz, Bianco voting aye.
                              Resolution adopted.

1

**MINUTES \ 2005 \ REGULAR TOWN MEETING July 5, 2005**

Archbishop Anthony Bondi, head of the St, Ambrose of Milan Orthodox Church in Putnam Valley addressed the Town Board concerning a resolution that it would vote on later tonight. He urged the Board to support his request for a Preservation Grant for the Old Stone Church in Mohegan Lake. I have passed that church for more than twenty year. Each time I pass the building, I am reminded of the Orthodox churches closed by the Communists. We would like to restore it to its sacred use. The Bishop further stated that once the building is in the hands of the Church, he hopes to make the Town proud. It will be open to the people of this community to be used as a community facility as well as a church.

**MINUTES \ 2005 \ REGULAR TOWN MEETING October 5, 2005**
ADVERTISE PUBLIC HEARING
LANDMARK DESIGNATION - OLD STONE CHURCH
RESOLUTION #363
    Upon motion made by Councilman Martorano, seconded by Councilman Bianco,

    NOTICE IS HEREBY GIVEN that a public hearing will be held by the Town Board, Town of Yorktown, Westchester County, New York at the John C. Hart Memorial Library, 1130 East Main Street, Shrub Oak, New York on the 18th day of October, 2005 at 7:30 o'clock PM, or as soon thereafter as the same can be heard, to consider recommending the Old Stone Church located on Route 6 be granted local landmark designation.

    A copy of the documentation concerning the above is on file in the office of the Town Clerk, at the said Town Hall, where the same may be inspected during regular office hours.

    Cooper, Martorano, Campisi, Metz, Bianco voting aye.
                             Resolution adopted.

**MINUTES \ 2005 \ WORK SESSION TOWN MEETING November 22, 2005**
OLD STONE CHURCH - HISTORIC LANDMARKS
    The Town Board agreed to hold a public hearing at its first meeting in January.

**MINUTES \ 2005 \ REGULAR TOWN MEETING December 20, 2005**
NOTICE OF PUBLIC HEARING - OLD STONE
CHURCH HISTORIC LANDMARK DESIGNATION
RESOLUTION #486
      Upon motion made by Councilman Metz, seconded by Councilman Campisi,

      NOTICE IS HEREBY GIVEN that a public hearing will be held by the Town Board, Town of Yorktown, Westchester County, New York at the Town Hall, 363 Underhill Avenue, Yorktown Heights, New York on the 17th day of January 2006 at 7:30 o'clock PM, or as soon thereafter as the same can be heard, to consider recommending the Old Stone Church located on Route 6 be granted local landmark designation.

      Cooper, Martorano, Campisi, Metz,  voting aye.
                     Resolution adopted.

1

**MINUTES \ 2006 \ REGULAR TOWN MEETING January 17, 2006**
<u>PUBLIC HEARING</u>
<u>HISTORIC LANDMARK DESIGNATION</u>
<u>OLD STONE CHURCH</u>
     Supervisor Cooper called to order a public hearing to consider recommending the Old Stone Church located on Route 6 be granted local landmark designation.

     Co-Chairs of the Landmark Commission Mr. Gary Corwin and Mr. Thomas Travis, were present to discuss with the Board a request to designate the Old Stone Church as a local landmark.. Mr. Corwin stated that in the last four years the Old Stone Church has had three requests from residents to designate this building as a historical landmark in the town.

     Supervisor Cooper stated that the owner of the property asked that the public hearing be adjourned until he is able to attend at the next Board meeting.

     Mr. Corwin stated the commission would like to see this property designated as a historical landmark because it is old, aesthetically very attractive, architecturally significant, it is highly visible and behind the church is a wetland area.

     Councilman Campisi asked when the building was constructed? Mr. Travis stated that it was built in 1912.

     Mr. Bianco asked if the commission is recommending to landmark the interior and exterior of the building. Mr. Corwin stated that the commission is recommending both the interior and exterior be landmarked.

     Supervisor Cooper stated that the Landmark Commission has always worked well with applicants.

     Councilman Campisi stated that the outside of the building has exterior historical significance but the inside has been recently renovated.

     Councilman Bianco feels that both the interior and exterior of the building should be landmarked

     Councilman Metz stated that he would like to know exactly what has been changed in the building before making a decision on this.

     Mr. DiTomasso stated that once you change something, it changes the value of the property.

Marc Oxman stated that he is representing the owner of the Old Stone Church and would like to convey to the Board some comments from Mr. DeChiaro. He stated that the owner is willing to have the outside of the building designated as a historical landmark and will not touch the stonework in anyway. However, he does not want that designation extended to the interior of the building. If the Board is willing to consent to this compromise then the applicant will withdraw his opposition to this.

John Gordon stated that he has been involved with this church for many years. He feels that the entire chapel both inside and out should be designated a historical site and used for community purposes.

Mr. Corwin stated that the entire building should be designated not just some of it.

All those present having been given the opportunity to be heard and there being no further discussion the hearing was adjourned. Councilman Martorano motioned, seconded by Councilman Bianco.

**MINUTES \ 2006 \ REGULAR TOWN MEETING February 21, 2006**
PUBLIC HEARING
DESIGNATION OF OLD STONE CHURCH
AS HISTORIC LANDMARK
Supervisor Cooper reconvened a public hearing to consider recommending the Old Stone Church located on Route 6 be granted local landmark designation.

Mr. Oxman is the attorney representing the owner of the Old Stone Church and stated that the owner does not want the inside and the outside of the building landmarked. He stated that the owner will agree to the stonework and mosaic in the front foyer but the roof and beams need repair and he would like the flexibility to fix them when necessary.

Supervisor Cooper stated that the Landmarks Committee is very good when they are working with owners.

Mr. Travis, Vice Chair of the Landmarks Committee stated that the Landmarks Committee has a quick turn around when issuing a Certificate of Appropriateness which is needed to do work on a landmarked building.

Mr. DiTomasso stated that this is not a public building and the owner should be allowed to do what he wants.

Supervisor Cooper spoke in favor of landmarking the Old Stone Church.

Councilman Martorano does not want to landmark this building if the owner is against it. He feels that government is becoming to intrusive.

Councilman Campisi stated that he is against this being landmarked if the owner does not want it to be done.

Councilman Metz stated that both sides seem to be close to making an agreement, he suggested closing the hearing and reserving the right to a decision on the matter until both parties can come to an agreement. The Board agreed.

All those present having been given the opportunity to be heard and there being no further discussion the hearing was closed. Councilman Bianco motioned, seconded by Councilman Martorano.

**MINUTES \ 2006 \ WORK SESSION TOWN MEETING May 9, 2006**

<u>OLD STONE CHURCH, ROUTE 6</u>
  Thomas Travis co-chair of the Landmarks Commission attended this session.

  The Town Board reviewed three draft decisions.   They will vote on this issue on Tuesday, June 6th.

**MINUTES \ 2006 \ WORK SESSION TOWN MEETING May 23, 2006**
Old Stone Church - Review draft language for decision

**MINUTES \ 2006 \ WORK SESSION TOWN MEETING June 13, 2006**
OLD STONE CHURCH

    The Board reviewed the draft decision for the Old Stone Church regarding the landmarking and recent input regarding eligibility for State and National Registers. After a brief discussion, the Board decided to postpone this issue until the owner is able to attend the work session

**MINUTES \ 2006 \ REGULAR TOWN MEETING July 18, 2006**
DECISION - OLD STONE CHURCH
LANDMARK STATUS
RESOLUTION #352

      Upon motion by Councilman Bianco, seconded by Supervisor Cooper,

      WHEREAS, the Landmark Preservation Commission has recommended to the Town Board that it designate that certain property commonly referred to as the "Old Stone Church" as an historic landmark; and

      WHEREAS, the Old Stone Church, *a/k/a* St. George's Church, is located at 1715 East Main Street, in Mohegan Lake and is identified on the Tax Map of the Town of Yorktown as Section 15.12, Block 2, Lot 53; and

      WHEREAS, Commission Chairman Garrison Corwin, on behalf of the Commission, submitted substantial documentation discussing the unique characteristics of the Old Stone Church and the arguments supporting its designation as an historic landmark; and

      WHEREAS, a public hearing was convened on January 17, 2006, and thereafter adjourned to and reconvened on February 21, 2006 to discuss the landmark designation; and

      WHEREAS, at the public hearing, Garrison Corwin, presented the Commission's arguments in support of its recommendation that the Old Stone Church be designated as a landmark; and

      WHEREAS, at the public hearing, the owner of the Old Stone Church, Thomas DeChiaro, appeared and was represented by legal counsel, Marc S. Oxman, who stated that there would be no objection to landmark designation of the structure so long as the designation clearly specifies that, although it applies without exception to the exterior stonework, it applies only to specifically enumerated elements of the interior of the church building; and

      WHEREAS, by letter dated February 10, 2006, Garrison Corwin, on behalf of the Commission, notified the Town Board that, at its February 8, 2006 meeting, the Commission determined that the landmark designation should apply to the entire exterior of the church building, the site on which it stands and the elements of the interior of the structure having historical significance, namely, "(1) the mosaics in the floor as they currently exist and (2) the beams in the ceiling, which are at least in part and may be in their entirety, original laminated beams, from the original construction"; and

WHEREAS, by letter dated March 10, 2006, the Commission also expressed its particular concern that ". . . the 'chandeliers' [be added] to the interior elements which have historic designation."; now, therefore, be it

RESOLVED, that the Town Board of the Town of Yorktown hereby designates the Old Stone Church, *a/k/a* St. George's Church, as a landmark pursuant to Chapter 198 of the Town Code of the Town of Yorktown; and be it further

RESOLVED, that the landmark designation made by this resolution applies to:

(1)  the exterior stonework and roof of the church building; and
(2)  the elements of the interior of the structure having historical significance,
       namely, the mosaics in the floor as they currently exist.

Councilman Bianco stated that the Town Board recently passed a law which states that the Town Board does not need a property owner's consent to landmark a structure.  He believes this structure should be landmark due to its historic value to the community.  It is more than one hundred years old.

Councilman Martorano stated that he appreciated the good intentions of the Landmark Commission in wanting to preserve this structure.  But, we must honor the rights of property owners.

Councilman Campisi stated that he voted against the Landmark Preservation Law because owner consent was not required.  He considers this a taking of someone's property.  He further questioned the need to landmark all of this building because very little with the exception of the outside stone is original to the building.

Councilman Metz agreed with Councilman Martorano that this is a balancing act, weighing the right of a property owner and the town's desire to have this structure land marked. He would like to see the property land marked

Supervisor Cooper stated that she believes the building should be land marked.  She further stated that she does not believe that just because you landmark a building, you cannot adapt new uses.

Cooper, Bianco, voting aye

2

Martorano, Campisi, Metz voting nay
Resolution denied.

*GCP MinuteManager*
*Town of Yorktown, NY*

**MINUTES \ 2006 \ WORK SESSION TOWN MEETING July 11, 2006**
<u>OLD STONE CHURCH WETLAND PERMIT</u>
<u>EAST MAIN STREET</u>

     Tom DeChiaro was present to request a wetlands permit to build a structure at the rear of the Old Stone Church building. The Board suggested that Mr. DeChiaro provide a site plan for a residential use rather then farm use in order to move this project forward. Mr. DeChiaro stated that he does not want his property historically landmarked at this time. Mr. DeChiaro will change his site plan and resubmit.

**MINUTES \ 2007 \ WORK SESSION TOWN MEETING November 27, 2007**
ST. GEORGE'S WINERY

Tom DeChairo was present to discuss with the Town Board his property located on Route 6, know as St. George's Winery. Mr. DeChairo presented the Board with a letter from the New York State Department of Agriculture and Markets outlining the definition of a "farming operation". The Town Board stated that St. George's Winery has to follow Town Law. Mr. DeChairo stated that he is willing to work with the Town. Supervisor Roker stated that she will speak to Environmental Consultant Bruce Barber and find out where the Town is with regard to the wetlands permit application that was previously submitted by Mr. DeChairo.

*TB meeting*

## ST. GEORGE'S WINERY

Tom DeChiaro and his Attorney, Adrienne Hunt were present to discuss with the Board what the next steps for the winery would be.

The Town Board explained that the business requires a rezoning and that an application must be submitted. They further stated that the business must demonstrate what it would do to help alleviate the traffic buildup on Route 6 in order to be granted a rezoning.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OLD ST. GEORGE'S LLC, ATK CONSULTING
INC. and THOMAS DeCHIARO,

                        Plaintiffs,

          -against-

NICHOLAS BIANCO, individually,
LOUIS CAMPISI, individually,
LINDA COOPER, individually,
BRUCE BARBER, individually,
JOHN TEGEDER, individually,
WILLIAM D. GREGORY, individually,
THE TOWN OF YORKTOWN and GEORGE OROS,
Individually,

                      Defendants.
------------------------------------------------------------X

**Index No.: 08CIV5321(SCR)**

**<u>AFFIDAVIT</u>**

LOUIS CAMPISI, being duly sworn deposes and states:

1.    I am a duly elected council member of the Town of Yorktown and a defendant in the above captioned case. I have been on the Town Board since January 1, 2002.

2.    This affidavit is made in support of the motion pursuant to FRCP 12(b) (6) to dismiss this action and is made upon my personal knowledge and minutes of Town Board meetings.

3.    The property that is the subject matter of this litigation had been the subject of the board action prior to the purchase by the plaintiff Thomas De Chiaro.

4.    The property known as Old Stone Church sits on slightly less than one acre of land along Route 6 with a stone structure that was originally used as a church. The property is zoned R1-20 which is a single family residential district. One of the permitted uses is as a farm pursuant to the requirements of §300-45 of the Town Code.

5.    The owner prior to the plaintiff was Michael Palmietto.  He made applications to the board for a rezoning of the property to operate a restaurant on the site in August 2001.

6.    After a number of public hearings the Town Board voted to deny the rezoning of the property by a resolution on March 1, 2005.  The vote was four to one.  I voted to deny the application.

7.    In July 2005 the board passed a resolution endorsing an historic grant to the St. Ambrose of Milan Orthodox Church if they purchased the property.

8.    The property was the subject of board action in late 2005 when it was being considered for local landmark designation.  At this time the property was owned by plaintiff Thomas DeChiaro.  At a board meeting on February 21, 2006 I expressed my opposition to the landmark designation if the owner of the property opposed it.

9.    At a working session of the board the plaintiff requested a wetlands permit to build a structure at the rear of the Old Stone Church.  The board advised him that he should submit a site plan for residential rather than farm use if he wanted to move forward. The minutes of the meeting reflect that plaintiff stated that he would change the site plan and resubmit.

10.    At a Town Board meeting on July 18, 2006 the application by the Landmark Preservation Commission to landmark the Old Stone Church was denied on a 3 to 2 vote.  I voted against the landmark designation.

11.    At a work session on November 2007, plaintiff presented a letter from State of New York Department of Agriculture and Markets defining the term "farming operation" (Exhibit B attached to plaintiff's complaint).

12.     The last time plaintiff appeared before the Town Board was February 26, 2008. He was informed in the presence of his attorney that in order to operate the property as a winery a rezoning was required. He was advised to submit an application which must include a plan to address the traffic buildup on Route 6.

13.     At no time prior or subsequent to the commencement of this lawsuit has plaintiff submitted an application seeking a rezoning of the Old Stone Church property.   Consequently the Town Board has not voted on whether to grant the rezoning of the property for use as a winery.

14.     While there are numerous misrepresentations of fact in the complaint regarding campaign contributions, destruction of Town records, and other allegations, I have been advised by counsel that this affidavit is not the place to address them.

15.     All decisions I made concerning the Old Stone Church property were in my capacity as a member of the Town Board.  As such, it is respectfully submitted that I am entitled to legislative immunity in the action brought against me by the plaintiff.

16.     It is respectfully requested that this Court dismiss this action against me since plaintiff never sought a final determination and I am immune from suit.

LOUIS CAMPISI

Sworn to before me this

7th  day of August, 2008

WILLIAM H. BAVE, JR.
NOTARY PUBLIC, State of New York
No. 4669386
Qualified in Westchester County
Term Expires 5/31/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
OLD ST. GEORGE'S LLC, ATK CONSULTING INC.
and THOMAS DeCHIARO,

                              Plaintiffs,                  08 CIV 5321 (SCR)

        -against-

NICHOLAS BIANCO, Individually
LOUIS CAMPISI, Individually
LINDA COOPER, Individually
BRUCE BARBER, Individually
JOHN TEGEDER, Individually
WILLIAM D. GREGORY, Individually
THE TOWN OF YORKTOWN, and
GEORGE OROS, Individually,

                             Defendants.
-----------------------------------------------------------------X

COUNSELORS:

# __MEMORANDUM OF LAW__

In support of defendant, Louis Campisi's Motion to Dismiss the within action for plaintiff's failure to state a claim upon which relief can be granted, pursuant to FRCP Rule 12(b)(6) and for such other, further and different relief as this Court may deem just and proper.

      Dated:  White Plains, New York
              August 7, 2008

Yours, etc,

WILSON, BAVE, CONBOY, COZZA &
COUZENS, P.C.

By:   WILLIAM H. BAVE, JR. (0349)
Attorneys for Defendant
LOUIS CAMPISI
Two William Street
White Plains, NY  10601
(914) 686-9010

# **TABLE OF CONTENTS**

**Page**

Table of Authorities………………………………………………….    ii & iii

Statement of Facts………………………………………………….    1

Argument:

POINT  I.
Plaintiffs' complaint fails to state a claim upon which relief may
be granted against Louis Campisi………………………………….    3

POINT II.
Louis Campisi is entitled to Legislative Immunity………………    6

Conclusion……………………………………………………….    8

i

# TABLE OF AUTHORITIES

**Page**

Fiesta v. Local 3 Int'l Board of Elec. Workers, 905 F.2d 35
(2d Cir. 1990).                                                                 3

Austin v. Ford Models, Inc., 149 F.3d 148 (2d Cir. 1998)                        3

Ryder Energy Distribution Corp. v. Merrill Lynch Commodities,
Inc., 748 F.2d 774 (2d Cir. 1984).                                             3

Williamson County Regional Planning Commission v. Hamilton
Bank, 473 U.S. 172, 87 L. Ed. 2d 126, 105 S. CT 3108 (1985).                   4

Marathon Outdoor LLC v. Vesconti, 107 F. Supp 2d 355
(S.D.N.Y. 2000).                                                               4

Rivervale Realty Co. Inc. v. Town of Orangetown,
816 F. Supp 937 (S.D.N.Y. 1993).                                              4

Southview Assoc. Ltd. v. Bongartz, 980 F.2d 84 (2d Cir. 1992).                 4

Unity Ventures v. County of Lake, 841 F. 2d 770 (7th Cir. 1988).               4

Goldfine v. Kelly, 80 F. Supp 2d 153 (S.D.N.Y. 2000).                          4

Tri State Video Corp. v. Town of Stephentown, 1998 U.S. Dist. Lexis
1899, No 97CV965, 1998 WL 72331 (N.D.N.Y. Feb. 13, 1998).                      5

Singer v. Fulton County Sheriff, 63 F. 3d 110 (2d Cir. 1995).                  5

Philippeaux v. North Central Bronx Hospital, 871 F. Supp 640
(S.D.N.Y. 1994).                                                              5

Carilno v. Town of Deerfield, 750 F. Supp 1156 (N.D.N.Y. 1990).                5

Tenny v. Brandhove, 341 U.S. 367 (1951).                                       6

Bogan v. Scott-Harris, 523 U.S. 44 (1998).                                     6

Goldberg v. Town of Rocky Hill, 973 F. 2d 70 (1992).                           6

Kaczamarek v. Conroy, 218 AD 2d 97 (3rd Dept 1995).                            6

Baines v. Masiello, 288 F. Supp 2d 376 (W.D.N.Y. 2003).                        7

Forrester v. White, 484 U.S. 219 (1998).                          7

Orange Lake Association v. Kirkpatrick, 21 F. 3d 1214
(2d Cir. 1994).                                                   7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X          **Index No.: 08CIV 5321(SCR)**
OLD ST. GEORGE'S LLC, ATK CONSULTING
INC. and THOMAS DeCHIARO,

Plaintiffs,

-against-

NICHOLAS BIANCO, individually,
LOUIS CAMPISI, individually,
LINDA COOPER, individually,
BRUCE BARBER, individually,
JOHN TEGEDER, individually,
WILLIAM D. GREGORY, individually,
THE TOWN OF YORKTOWN and
GEORGE OROS, Individually,

Defendants.

--------------------------------------------------------------X

## **STATEMENT OF FACTS**

Plaintiffs are owners of a parcel of land approximately .7 acres in the Town of Yorktown.    A structure built as a church in 1912 still sits on the property.    Plaintiff Thomas DeChiaro purchased the property in 2005.    The prior owner Michael Palmietto had unsuccessfully sought a zoning variance to use the property as a restaurant.    The property is zoned R1-20 single family residential district.    One of the permitted uses is as a farm pursuant to Town Code §300-45.

Plaintiffs sought to operate a winery on the property.    While he did appear before the Town Board on three occasions with respect to the use of the property he did not submit an application for a variance. The minutes of the Board meeting on February 26, 2008 reflect that plaintiff was advised as to how to proceed if he wanted his proposal to be considered.

Louis Campisi is a member of the Town Board and was present at the meetings when the plaintiff's property was discussed.  The only vote by the Board regarding this property when owned by plaintiffs concerned whether to designate the building as a landmark.  Campisi voted against the designation based on plaintiff's opposition to it.

# POINT I

## Plaintiffs' complaint fails to state a Claim
## upon which relief may be granted against Louis Campisi

In determining a motion pursuant to FRCP 12(b)(6) the court must determine whether the complaint is legally sufficient.    **Fiesta v. Local 3 Int'l Board of Elec. Workers, 905 F.2d 35, 37 (2d Cir. 1990)**   In its analysis the Court should consider the assertions made within the four corners of the complaint, exhibits attached to the complaint and even documents incorporated by reference.    **Austin v. Ford Models, Inc. , 149 F.3d 148, 152 (2d Cir. 1998).**    The motion should be granted if it appears to a certainty that plaintiff can prove no set of facts entitling him to relief.    **Ryder Energy Distribution Corp v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).**

The complaint at bar seek relief on six grounds , three of which alleges denial of right to petition and three allege violations of 42 USC §1983 and 1985.    The single issue in this case is the plaintiff's desire to operate a winery on his property known as the Old Stone Church in the Town of Yorktown.   In essence plaintiff alleges that the defendants including defendant Campisi are illegally preventing plaintiff from using his property as a winery by violating his constitutional rights.    This was allegedly accomplished by taking actions which prevented plaintiff from obtaining "necessary approvals from other authorities" (paragraph 123(9)).

(a)     **Plaintiff has failed to establish that the Town Board has**

**made a final decision on his proposed use of the property**.

In **Williamson County Regional Planning Commission v. Hamilton Bank,**

**473 US 172, 87 L Ed 2d 126, 105 S CT 3108 (1985)** the Court ruled that a threshold

requirement for plaintiffs challenging local land use controls are required to establish

that the governmental entity involved must have "reached a final decision regarding the

application of the regulations to the property at issue. "Id at 186 **Marathon Outdoor**

**LLC v. Vesconti,** **107 F Supp. 2d 355 (S.D.N.Y. 2000).**     As stated in **Rivervale**

**Realty Co. Inc. v. Town of Orangetown, 816 F. Supp 937, 942 (S.D.N.Y. 1993)**

"application for a variance is generally the procedural predicate for the final decision

upon which the ripeness inquiring rests."   This is so because to find otherwise would

"paralyze" the operations of local government.

While the **Williamson** decision dealt with a taking claim the same test for

ripeness is applied to due process and equal protection claims.    **Southview Assoc.**

**Ltd v. Bongartz, 980 F 2d 84, 96-97 (2d Cir. 1992).**  The "final decision" requires that

the development plan be submitted, considered, and rejected by the governmental

entity. **Unity Ventures v. County of Lake, 841 F 2d 770, 774 (7th Cir. 1988)**   In fact,

even where the application for approval is rejected a claim is not  ripe until plaintiff

seeks a variance that would allow the desired development of the property, **Williamson**

supra p. 188, **Goldfine v. Kelly, 80 F. Supp 2d 153, 159 (S.D.N.Y 2000).**

Plaintiff's complaint alleges that the defendants including Campisi expressed opposition to his plan for development and conspired to prevent other governmental entities from classifying the proposed use as a farming operation (page 39-50). Plaintiff is apparently contending that because of this alleged hostility that it will be futile to seek the required variance from the Town Board. However, mere allegations of hostility to the proposed use including allegations that defendants conspired to prevent plaintiff from the desired use are insufficient to invoke the futility exception to the final decision rule. **Tri State Video Corp. v. Town of Stephentown**, 1998 U.S. Dist. Lexis 1899, No 97CV965, 1998 WL 72331, at 4 (N.D.N.Y. [161] Feb 13, 1998).

Plaintiffs complaint alleging conspiracy under §1983 is fatally defective. Besides offering proof that defendants had a "meeting of the minds" he must also establish an actual violation of a federal right. **Singer v. Fulton County Sheriff**, 63 F 3d 110, 119 (2d Cir. 1995). Without a final decision as to a variance for his desired use of the property the claim is not ripe. **Riverval Realty Co. Inc. v Town of Orangetown,** supra 945.

Likewise plaintiff's claim pursuant to §1985 must be dismissed (Claim SIX). A claim under this section must allege that defendant have "with racial or other class-based discriminatory animus, conspired to deprive plaintiff of a constitutional or other federal right. **Goldfine v. Kelly,** supra p. 164 quoting **Philippeaux v. North Central Bronx Hospital.**, 871 F. Supp. 640, 656 (S.D.N.Y. 1994), The complaint is devoid of any allegations that plaintiff was a member of a "protected class", as that term has been interrupted by the courts. **Carilno v. Town of Deerfield**, 750 F. Supp. 1156 (N.D.N.Y. 1990).

**POINT II**

**Louis Campisi is entitled
to Legislative Immunity**

A Town Board member is entitled to legislative immunity from lawsuits brought against them in their industrial capacity when acting in their legislative capacity. **Tenney v. Brandhove, 341 U.S. 367, 377(1951).** The rationale for the rule even for local legislators is that "legislative discretion should not be inhibited by judicial interference or distorted by the fear of personal liability". **Bogan v. Scott-Harris, 523 U.S. 44, 52 (1998).**

Defendant, Louis Campisi was a duly elected member of the Town Board of Yorktown at all times alleged in the complaint. As such, all votes he cast concerning the property known as Old Stone Church are immune from judicial scrutiny. **Goldberg v. Town of Rocky Hill, 973 F2d 70, 72(1992).**

All of defendant's actions concerning this property related to his legislative function as Town Board member. The only vote cast by defendant while plaintiff owned the property was to deny the property local landmark status. Plaintiff himself was against the designation. In **Bogan v. Scott-Harris,** supra the Court found that voting for an ordinance and signing it into law were legislative actions entitled to absolute immunity 523 U.S. at p 55

In **Kaczamarek v. Conroy, 218 AD 2d 97 (3rd Dept 1995)** the court found individual city counsel members were entitled to legislative immunity in voting to adopt a

resolution eliminating the position of police chief. 218 AD 2d at P 100.  City elected officials were granted immunity in **Baines v. Masiello, 288 F. Supp 2d 376 (W.D.N.Y. 2003)** for voting to reduce the size of the Common Counsel.

In determining whether immunity for acts of elected officials should be granted a "functional" analysis is employed.  The analysis examines the nature of the functions that the defendant has been lawfully entrusted and then to evaluate the effect that liability would likely have on the appropriate exercise of those functions.  **Forrester v. White, 484 U.S. 219, 224(1988).**

The interpretation of the zoning laws is a vital function performed by members of a Town Board.  The Board decides on whether a proposed use samples with the existing zoning or requires an variance.  If a variance is required the Town Board has the responsibility to gather information, listen to the surrounding property owners and other departments of the Town to decide whether to grant the variance.  The vote is a uniquely legislative function.

In the case at bar while defendant did cast votes concerning the use and landmark designation of the property he was not called upon to pass on whether the property could be used as a winery.  The votes he did cast are protected from suit by legislative immunity.  **Tenney v. Brandhove** supra.    It is respectfully submitted that even if plaintiff sought a variance and defendant had voted against it he would still be protected by legislative immunity.  **Orange Lake Association v. Kirkpatrick, 21 F3d 1214, 1224 (2d Cir. 1994).**

## **CONCLUSION**

Plaintiff has failed to state a cause of action against defendant Louis Campisi.

Respectfully submitted,

WILLIAM H. BAVE, JR.    Ø349