UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
OLD ST. GEORGE'S LLC, ATK CONSULTING,
INC. AND THOMAS DeCHIARO,

Docket No.
08 CV 5321 (SCR)

Plaintiff(s),

- against -

NICHOLAS BIANCO, individually, LOUIS CAMPISI,
individually, LINDA COOPER, individually,
BRUCE BARBER, individually, JOHN TEGEDER,
individually, WILLIAM D. GREGORY, individually,
THE TOWN OF YORKTOWN, and GEORGE OROS,
individually,

Defendant(s).

-------------------------------------------------------------------X

## MEMORANDUM OF LAW

Respectfully submitted,

VOUTÉ, LOHRFINK, MAGRO & COLLINS, LLP
Attorneys for Defendant
LINDA COOPER
170 Hamilton Avenue
White Plains, New York 10601-1789
Tel.: (914) 946-1400

RALPH F. SCHOENE,
*Of Counsel*

TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES………………………………………….  1

NATURE OF ACTION………………………………………….  1

SYNOPSIS OF COMPLAINT…………………………………….  1

ALLEGATIONS IN COMPLAINT
ATTRIBUTABLE TO LINDA COOPER…………………………..  4

POINT I
      THE RIPENESS DOCTRINE IS A
      COMPLETE BAR TO THIS ACTION………………………  5

POINT II
      LEGISLATIVE IMMUNITY ACTS
      AS A BAR TO THIS SUIT…………………………………….  8

POINT III

      PLAINTIFF'S COMPLAINT DOES NOT STATE A CLAIM
      AGAINST COOPER FOR FOIL VIOLATIONS……………  10

POINT IV

      COUNTS I, II AND III, WHICH ATTEMPT TO ASSERT
      CLAIMS FOR VIOLATION OF PLAINTIFF'S RIGHT TO
      PETITION THE GOVERNMENT FOR THE REDRESS
      OF GRIEVANCES, MUST ALL BE DISMISSED…………  11

Count One:  Right to Petition for Inclusion Into An Agricultural
District…………………………………………………………..  12

Count Two: Right To Petition For Review of Public Records
Under FOIL………………………………………………………..  12

Count Three:  Right To Petition For New York State Liquor
License……………………………………………………………..  13

POINT V
      COUNTS FOUR AND FIVE, WHICH ATTEMPT TO ASSERT
      CLAIMS OF PROCEDURAL DUE PROCESS AND
      SUBSTANTIVE DUE PROCESS, MUST BE DISMISSED…..    13

Plaintiff Has No Entitlement To Enter Westchester County
Agricultural District #1…………………………………………….    16

New York State Liquor License………………………………………..    16

Certificate of Occupancy……………………………………………    17

Use of Property as a Farming Operation………………………………    17

POINT VI
      COUNT SIX OF PLAINTIFF'S COMPLAINT
      ALLEGING A CONSPIRACY TO VIOLATE
      PLAINTIFF'S CIVIL RIGHTS MUST BE DISMISSED…….    17

CONCLUSION…………………………………………………..    19

TABLE OF AUTHORITIES

Page

*Adelke v. United States,*
355 F.3d 144 (2d Cir. 2004)……………………………………………    15

*Bogan v. Scott-Harris,*
523 U.S. 44, 118 S.Ct. 966, 140 L.Ed. 2d 79 (1998)……………………    8

*Britt v. Garcia,*
457 F.3d 264 (2d Cir. 2006)……………………………………………    18

*Cahill v. O'Donnell,*
75 F.Supp. 2d 264 (S.D.N.Y. 1999)…………………………………...    11

*Carlos v. Santos,*
123 F.3d 61 (2d Cir. 1997)……………………………………………...    8

*Ciambriello v. County of Nassau,*
292 F.3d 307 (2d Cir. 2002)……………………………………………    14

*Crowley v. Courville,*
76 F.3d 47, 52 (2d Cir. 1996)…………………………………………...    15

*Dougherty v. Town of North Hempstead Bd.*
*of Zoning Appeals,* 282 F.3d 83, 88 (2d Cir. 2002)……………………    6

*Fernandez v. City of Poughkeepsie,*
67 F.Supp. 2d 222 (S.D.N.Y. 1999)……………………………………    11

*Forrester v. White*, 484 U.S. 219, 1988………………………………..    8

*Furlong v. Shalala,*
156 F.3d 384 (2d Cir. 1998)……………………………………………    15

*Gagliardi v. Village of Pawling,*
18 F.3d 188 (2d Cir. 1994)……………………………………………..    11, 15

*Goldfine v. Kelly*, 80 F. Supp. 2d 153 (S.D.N.Y. 2000)………………...

*Gray v. Town of Darien,*
927 F.2d 69 (2d Cir. 1991)…………………………………………….   18

*Greene v. Town of Blooming* Grove, 935 F.2d 507 (2d Cir. 1991)…………..   14

*Harhay v. Town of Ellington Board of Education,*
323 F.3d 206 (2d Cir. 2003)……………………………………………..   8

*Jaegly v. Couch*, 168 Fed. Appx. 480 (2d Cir. 2006)…………………………   10

*Kapps v. Wing,* 404 F.3d 105 (2d Cir. 2005)…………………………………   15

*Kittay v. Giuliani*, 112 F.Supp.2d 342
(S.D.N.Y. 2000) affd. 252 F.3d 645 (2000)…………………………….   11

*O'Connor v. Pierson,*
426 F.3d 187 (2d Cir. 2005)…………………………………………….   14

*Ramapo Homeowners Association v. New York State Office
of Mental Retardation & Developmental Disabilities,*
180 F. Supp.2d 519 (S.D.N.Y. 2002)…………………………………….   13

*Rivervale Realty Co., Inc. v. Town of Orangetown,*
816 F. Supp. 937, 943 (S.D.N.Y. 1993)………………………………….   6

*RRI Realty Corp. v. Southampton,*
870 F.2d 911, 918 (2d Cir. 1989)……………………………………….   14, 15

*Saggio v. Sprady*, 475 F. Supp. 2d 203 (E.D.N.Y. 2007)………………………   13

*Southview Assocs., Ltd. v. Bongartz,*
980 F.2d 84 (2d Cir. 1992)……………………………………………….   5, 6

*Thomas v. Roach*, 165 F.3d 137 (2d Cir. 1997)…………………………….   18

*United Brotherhood of Carpenters & Joiners
of Am. Local 610 v. Scott,*
463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed. 1049 (1983)………………….   18

*Unity Ventures v. County of Lake*, 841 F.2d 770 (7th Cir. 1988)…………….   6

*West Farms Assocs. v. State Traffic Commission,*
951 F.2d 469 (2d Cir. 1991) [citing *Fusco v. Connecticut,*
815 F.2d 201 (2d Cir. 1987)]…………………………………………………    14

*Williamson Cty. Reg'l Planning Comm'n v.*
*Hamilton Bank of Johnson City,* 473 U.S. 172 (1985)…………………    5, 6, 7

iii

## NATURE OF ACTION

The federal civil rights suit which has been brought on behalf of plaintiffs contains six causes of action, all of which arise out of plaintiff THOMAS DeCHIARO'S belief that he has been unfairly prevented from utilizing a .75 acre parcel of property in the Town of Yorktown as a winery. Defendant, LINDA COOPER, hereby brings a pre-Answer motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This motion is based upon the allegations made in plaintiff's complaint which, as is demonstrated below, fail to set forth a claim upon which relief can be granted, as well as the accompanying affidavit of Ms. Cooper dated August 20, 2008.

## SYNOPSIS OF COMPLAINT

Sometime in 2005, plaintiff Thomas DeChiaro purchased a parcel of property known as the "Old Stone Church" with the intent of utilizing the property to sell wine as part of a vineyard/winery operation. (The Old Stone Church property is only .75 acres in size, and the vineyard is located several miles away, specifically on a parcel of property owned by the County of Westchester which plaintiffs are leasing). Upon purchasing the Old Stone Church property, Mr. DeChiaro claims to have been made aware of past instances of corruption and, shortly thereafter, received requests from unidentified individuals that Mr. DeChiaro make cash political contributions, that Mr. DeChiaro engage the services of specific, albeit unidentified, contractors and that Mr. DeChiaro retain a specific, albeit unidentified, attorney to advance his project. The complaint does not allege that plaintiff submitted, or even prepared, an application to obtain Town

1

approval of anything, and does not allege that defendant Linda Cooper was made aware of the corrupt practices allegedly engaged in by others. (See paragraphs 99-111).

Mr. DeChiaro claims that because he refused to make the suggested political contributions, he decided to file an application with Westchester County to have the property included in an agricultural district, which the Town Board allegedly considered to be an affront because Mr. DeChiaro was seeking to circumvent their authority. This section of the complaint makes specific mention of Linda Cooper only in paragraph 117, where it is alleged that she and others exercised their influence over other board members to "adopt anger at the plaintiffs 'perceived offense' against the Town". The complaint contains no examples of what is meant by the term "adopt anger" leaving it entirely to the imagination of the reader. (Paragraphs 112-121) The complaint goes on to allege that "defendants" (their identities are not disclosed), motivated by their personal animus toward Mr. DeChiaro, refused to acknowledge that plaintiffs intended use of the property would constitute a farming operation, and that Nicholas Bianco ordered Building Inspector William Gregory not to issue a certificate of occupancy for the building. This section of the complaint fails to assert any allegation against Ms. Cooper. (Paragraphs 124-136)

Mr. DeChiaro submitted an application to the County of Westchester in 2006 to have the vineyard and winery operation included in Westchester County Agricultural District No. 1. (Paragraphs 137 – 144). In response, the County of Westchester undertook various actions which were required of it including holding a public hearing.

2

(Paragraphs 145 – 159). Defendants Bianco, Campisi and Cooper allegedly became enraged and exerted pressure on several County employees to defeat plaintiff's application. Ms. Cooper is mentioned specifically only in paragraph 183 where it is alleged that she appeared before the County Legislature and made false statements. There is no mention as to what the statements were or how they were false. The County Board of Legislators ultimately voted to deny plaintiff's application. (Paragraphs 160 – 184). Plaintiff also filed an application for a liquor license with New York State Liquor Authority, which too was denied, allegedly because Mr. Bianco ordered Bruce Barber to file unfounded wetlands ordinance violations and then informing the New York State Liquor Authority that there were outstanding violations on the property. The complaint contains no allegation that Ms. Cooper had any interaction with the New York State Liquor Authority in connection with the liquor license application. (Paragraphs 185 – 201).

Plaintiffs thereafter sought documents pursuant to FOIL from the Town of Yorktown, but were unable to obtain them because the Town Clerk, Alice Roker, allegedly sanitized the file in Mr. DeChiaro's presence allegedly at the direction of defendants Bianco, Campisi and Cooper. (Paragraphs 202 – 216). Plaintiffs attempted to obtain records from the New York State Liquor Authority via a FOIL request, but this too was unsuccessful, allegedly because defendants Bianco and Cooper contacted the New York State Liquor Authority. No allegations specify what it is that Mr. Bianco and Ms. Cooper allegedly said or did in connection with the New York State Liquor Authority. (Paragraphs 220 – 239).

3

The complaint also asserts the existence of some sort of a conspiracy, and that in furtherance of the alleged conspiracy, that Ms. Cooper sent numerous letters and communications to multiple officials seeking to influence them regarding plaintiff's application and thereafter deleted all of those communications from the Town of Yorktown computer files.    The nature of the communications and the identities of the multiple officials are not disclosed. (Paragraphs 212 – 219).

The affidavit of Linda Cooper dated August 20, 2008, in which she outlines the duties of Town Supervisor, and in which she denies the allegations of wrongdoing attributable to her, accompanies the motion to dismiss.

## ALLEGATIONS IN COMPLAINT ATTRIBUTABLE TO LINDA COOPER

Since the motion to dismiss speaks to the inadequacy of plaintiff's complaint, and because plaintiff's complaint is so verbose, it is advisable to capture, and present in one location, the allegations being levied against Ms. Cooper.   Plaintiff's complaint asserts that Linda Cooper exercised influence over her Town Board colleagues to adopt anger against plaintiff (paragraph 117), that she conspired with and influenced Bruce Barber to file a wetlands violation against plaintiff (paragraph 122), that she exerted pressure upon County employees to deny plaintiff's application for admission to the agricultural district (paragraph 162), that she made false statements to the Board of Legislators at a hearing convened to take up plaintiff's application (paragraph 183), that she arranged for all correspondence between her and the County of Westchester to be removed from Town

4

files (paragraph 211), that she conspired to prevent plaintiff from obtaining State and County approvals (paragraph 212), and that she destroyed computer records maintained by the Town of Yorktown (paragraph 214).

**POINT I**
**THE RIPENESS DOCTRINE IS A**
**COMPLETE BAR TO THIS ACTION**

Plaintiff's complaint appears to seek compensatory damages pursuant to the theory that by not obtaining a liquor license and by not being included within Westchester County Agricultural District No. 1, plaintiffs could not operate their property as a vineyard/winery, thereby amounting to a taking of their property without payment of just compensation. Plaintiff's claim is therefore a takings-type claim.

In land use cases, the Supreme Court has developed a two-pronged inquiry for determining whether a claim is ripe; the first prong requires that the government entity charged with enforcing regulations at issue to have rendered a final decision, and the second prong requires that plaintiff have sought compensation if the state provides a reasonable, certain and adequate provision for obtaining compensation. *See, Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City,* 473 U.S. 172 (1985), *Southview Associates, Ltd. v. Bongartz,* 980 F.2d 84 (2d Cir. 1992). A court must determine, first, whether the government entity has made a "final decision" on the matter, and second, whether the plaintiff has exhausted state procedures for obtaining just compensation. *See id.* at 186, 194. It is well settled that the same test applies to due

5

process and equal protection claims that arise "in the context of land use challenges". *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals,* 282 F.3d 83, 88 (2d Cir. 2002); *Goldfine v. Kelly,* 80 F. Supp. 2d 153 (S.D.N.Y. 2000). See also *Rivervale Realty Co., Inc. v. Town of Orangetown,* 816 F. Supp. 937, 943 (S.D.N.Y. 1993) noting that both prongs of the *Williamson* ripeness test apply to due process, equal protection and takings claims. In *Southview Assocs., Ltd. v. Bongartz,* 980 F.2d 84 (2d Cir. 1992), the Second Circuit distinguished between two types of substantive due process claims in land use cases, and in so doing explained that where a plaintiff brings a substantive due process claim premised on the theory that a regulation has gone so far that it effects a taking by eminent domain that exceeds the government's police power, both prongs of the *Williamson* ripeness test apply because "[i]f the state provides an acceptable procedure for obtaining compensation, the state's regulatory action will generally not exceed its police powers." *Id.,* but if the substantive due process claim is premised on arbitrary and capricious government conduct in denying a permit such that the property's value became significantly impaired, it is subject only to the first prong of the *Williamson* ripeness test. *See id.* at 97. In order to have a final decision, a development plan must be submitted, considered and rejected by the governmental entity. *Goldfine v. Kelly,* 80 F.2d 153 (S.D.N.Y. 2000) (quoting *Unity Ventures v. County of Lake,* 841 F.2d 770 (7th Cir. 1988).

Plaintiffs cannot satisfy the first prong of the *Williamson County* test. Tellingly absent from the complaint is any reference to any application that plaintiffs submitted to the Yorktown Town Board, Yorktown Planning Board or Yorktown Zoning Board of

6

Appeals concerning the property in question.   The reason for this is obvious; no application was ever submitted to any Yorktown board seeking any relief of any kind. There was no impediment to an application being prepared and submitted to the Town Board seeking a zoning change which, if granted, would pave the way for an application to the Planning Board for approval to renovate the Old Stone Church building to accommodate the winery that plaintiffs desired to operate.   Even if plaintiff's application for inclusion in the agricultural district had been granted, the property in question must still comply with all local zoning laws, the only difference being that Agriculture & Markets Law §305-a(2) requires that any application for a special use permit, site plan approval, use variance, or subdivision approval requiring municipal review and approval by a planning board, zoning board of appeals, town board or village board of trustees must include an agricultural data statement which must be considered by the municipal body before whom a particular application is pending.   Plaintiffs also cannot satisfy the second prong of the *Williamson County* test because plaintiffs never sought to obtain just compensation in state court.   Accordingly, as a matter of law, the takings type claim is barred as being unripe

## POINT II
## LEGISLATIVE IMMUNITY ACTS AS A COMPLETE BAR TO THIS SUIT

Legislators are entitled to absolute immunity from civil liability for their legislative activities, and the Second Circuit has held that absolute legislative immunity extends to local legislators. *Harhay v. Town of Ellington Board of Education*, 323 F.3d 206 (2d Cir. 2003), *Carlos v. Santos*, 123 F.3d 61 (2d Cir. 1997).   In determining whether

7

immunity for acts of elected officials should adhere, a functional analysis is employed, *Forrester v. White*, 484 U.S. 219, 1988, and so the test for determining whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it. *Bogan v. Scott-Harris*, 523 U.S. 44, 118 S.Ct. 966, 140 L.Ed. 2d 79 (1998). In order for legislative immunity to attach, the act in question must be taken "in the sphere of legitimate legislative activity". *Harhay v. Town of Ellington Board of Education, supra*; *Bogan v. Scott-Harris, supra*.

Defendant Linda Cooper is the former Town Supervisor of the Town of Yorktown, and as such she, along with the other four members of the Town Board, must be considered to have been legislators for purposes of this analysis. To determine whether legislative immunity applies in this case one must identify the acts which plaintiff's complaint attributes to Ms. Cooper and then ascertain whether those acts were legislative in nature. In this case plaintiff's complaint alleges that Ms. Cooper exercised influence over her Town Board colleagues to adopt anger against plaintiff (paragraph 117), that she exerted pressure upon County employees to deny plaintiff's application for admission to an agricultural district (paragraph 162), and that Ms. Cooper made false statements to the Board of Legislators at a hearing convened to consider plaintiff's application (paragraph 183). The complaint does not identify the allegedly false statements, nor does it specify what Ms. Cooper said or did to put pressure on County employees. In her affidavit, Ms. Cooper explains that the Town Board discussed plaintiff's application, reached the unanimous sentiment that it was premature to grant plaintiff's application, and authorized her to communicate their position to Westchester

8

County officials. Cloaked with that mandate, and acting on behalf of the Town Board, Ms. Cooper sent a letter to David Kringe, Director of Environmental Planning for Westchester County, commenting upon three applications under consideration to be included in the Westchester County Agricultural District (plaintiff's application was only one of them), in which she wrote that plaintiff's application appeared to be premature because the owner had not submitted a site plan application to the Town detailing how he plans to use the structure. (A copy of the Notice of Public Hearing and list of properties seeking inclusion into the agricultural district accompany these papers as Exhibit B, while a copy of Ms. Cooper's letter accompanies these papers as Exhibit C). That letter also disclosed that the only applications that Mr. DeChiaro had submitted to the Town were for a building permit for renovations to a single family residence, which was granted, and a wetlands application to perform work on a single family residence, which was pending. It is important, therefore, to note that Ms. Cooper and the entire Town Board never opposed plaintiff's application; rather, they expressed the opinion that it would be premature to grant the application without everyone being made aware of Mr. DeChiaro's intentions concerning how he truly intended to utilize the property. More fundamentally, however, Ms. Cooper's actions were legislative in nature and hence cloak her in legislative immunity.

## POINT III

## PLAINTIFF'S COMPLAINT DOES NOT STATE A CLAIM AGAINST COOPER FOR FOIL VIOLATIONS

At the time that plaintiffs submitted their FOIL requests to Town of Yorktown and New York State Liquor Authority, Ms. Cooper was no longer Yorktown Town Supervisor, and had no input concerning these requests. As such, she had no authority to act in connection with these requests. New York's Freedom of Information Law provides that any individual denied access to a record may appeal this denial to the "head, chief executive or governing body of the entity", See N.Y. Pub. Off. §89(b)(4)(a), and that an individual may commence a proceeding under Article 78 to obtain judicial review if the appeal is unsuccessful. See N.Y. Pub. Off. §89(b)(4)(b). The complaint contains no allegation that an Article 78 petition was brought, undoubtedly because no such action was brought. Because the only remedy available under FOIL is commencement of an Article 78 proceeding, and because plaintiff never brought an Article 78 proceeding, there can be no violation of plaintiff's constitutional rights. *Jaegly v. Couch*, 168 Fed. Appx. 480 (2d Cir. 2006).

10

## POINT IV

## COUNTS I, II AND III, WHICH ATTEMPT TO ASSERT CLAIMS FOR VIOLATION OF PLAINTIFF'S RIGHT TO PETITION THE GOVERNMENT FOR THE REDRESS OF GRIEVANCES, MUST ALL BE DISMISSED

The First Amendment to the United States Constitution contains a provision establishing a right to petition the government for the redress of grievances. The right to petition the government for the redress of grievances is an assurance of a particular freedom of expression that is generally subject to the same constitutional analysis as the right to free speech, *Cahill v. O'Donnell*, 75 F.Supp. 2d 264 (S.D.N.Y. 1999), and envisions the right to complain to public officials and to seek administrative and judicial relief. *Fernandez v. City of Poughkeepsie*, 67 F.Supp. 2d 222 (S.D.N.Y. 1999). Accordingly, the First Amendment protects the rights of the people to complain to public officials and to seek administrative and judicial relief. *Gagliardi v. Village of Pawling*, 18 F.3d 188 (2d Cir. 1994). The First Amendment right to petition the government for redress does not ensure that an elected official will necessarily act in a certain way or respond in a certain manner, *Kittay v. Giuliani*, 112 F.Supp.2d 342 (S.D.N.Y. 2000) affd. 252 F.3d 645 (2d Cir. 2001).

### Count One:  Right to Petition for Inclusion Into An Agricultural District.

Count One alleges that the defendants violated plaintiff's right to petition Westchester County for admission of their real property into the County's agricultural district by initiating communications with the County of Westchester designed to

11

influence the County to deny the application. As is so often the case throughout the complaint, the allegations contained in Count One do not specify what each defendant allegedly did, but rather lumps them all together under the umbrella "defendants", alleging that they called in political favors, knowingly provided false information to County representatives in an effort to dissuade them from approving plaintiff's application, and filing false charges against plaintiffs for violations of the Town Code. By referring to prior sections of the complaint one sees immediately that the allegations of calling in political favors and filing false charges are not being asserted against Ms. Cooper, and so the only allegation pertaining to Ms. Cooper is that she made unspecified false statements to county employees.    (As discussed earlier, legislative immunity attaches to Ms. Cooper's actions).    More fundamentally, there simply was no deprivation of the right to petition Westchester County for inclusion in an agricultural district – such an application was in fact filed!    This is totally insufficient to successfully state a cause of action.

**Count Two:  Right To Petition For Review of Public Records Under FOIL**

Plaintiff's allegation that the Town's public records concerning plaintiff's properties, and communications between Town officials and the County of Westchester, were destroyed, does not state a cause of action for deprivation of a right to petition the government for redress of grievances.  As previously discussed, the allegations that Ms. Cooper destroyed/deleted Town records before she left office does not assert a constitutional violation, and because the FOIL requests were submitted after Ms. Cooper left office she never had an opportunity to act upon them.

**Count Three:  Right To Petition For New York State Liquor License**

Count Three of plaintiff's complaint appears to allege that actions were taken which were designed to ensure that plaintiff's application for a New York State Liquor License be denied, and that the motivation for those actions was in retaliation for the filing of a petition to have plaintiff's property admitted into an agricultural district. Plaintiff's complaint makes no allegation that Ms. Cooper participated in this endeavor, and therefore fails to state a cause of action against defendant Linda Cooper.

**POINT V**
**COUNTS FOUR AND FIVE, WHICH ATTEMPT TO ASSERT**
**CLAIMS OF PROCEDURAL AND SUBSTANTIVE DUE PROCESS,**
**MUST BE DISMISSED**

Under either a procedural or substantive due process analysis, a plaintiff must demonstrate deprivation of a protectible property interest. *Saggio v. Sprady*, 475 F. Supp. 2d 203 (E.D.N.Y. 2007), which requires that the plaintiff must identify the property interest in question, *Ramapo Homeowners Association v. New York State Office of Mental Retardation & Developmental Disabilities*, 180 F. Supp.2d 519 (S.D.N.Y. 2002). Whether the applicant has a property interest worthy of constitutional protection is normally a matter of law for the court. *RRI Realty Corp. v. Southampton*, 870 F.2d 911 (2d Cir. 1989).

Property interests are not created by the Constitution, but rather are created, and their dimensions defined by, existing rules that establish an entitlement to some sort of

13

benefit, which means that in determining whether a particular property interest rises to the level of constitutional protection, a court must look to whether the interests involved would be protected under state law and must weigh the importance to the holder of that right. *Ciambriello v. County of Nassau,* 292 F.3d 307 (2d Cir. 2002). In other words, property interests are usually derived from state law. *West Farms Assocs. v. State Traffic Commission*, 951 F.2d 469 (2d Cir. 1991) [citing *Fusco v. Connecticut*, 815 F.2d 201 (2d Cir. 1987)] Moreover, plaintiff must allege that government action with respect to that property right amounts to a "deprivation" and that the deprivation occurred without due process. *Greene v. Town of Blooming* Grove, 935 F.2d 507 (2d Cir. 1991). As such, the courts must undertake a two step analysis to identify the nature of the property interest in question; first the court must determine whether some source of law other than the Constitution, such as state or federal statute, confers a property right upon the plaintiff, and assuming such a property right is found, the court must then determine whether it constitutes a property interest for Fourteenth Amendment purposes. *O'Connor v. Pierson*, 426 F.3d 187 (2d Cir. 2005). The main element in determining the existence of a property interest is the extent to which the deciding authority may exercise discretion in reaching its decision, and so if the deciding authority has discretion to grant or deny an application the applicant does not have a property right of sufficient magnitude to invoke constitutional protection. See, *Crowley v. Courville*, 76 F.3d 47, 52 (2d Cir. 1996) (no protected property interest in variance where zoning regulations granted zoning board with discretionary approval powers); *Gagliardi v. Village of Pawling*, 18 F.3d 188, 192 (2d Cir. 1994) (landowners had no property interest in enforcement of zoning laws for adjacent property since the village officials had board discretion in determining whether

14

to grant or deny building permit, site plan and variances); *RRI Realty Corp.*, 870 F.2d at 918-19 (no property interest existed in building permit since town officials had wide discretion to either grant or deny the permit). The subjective expectation of the applicant is irrelevant when determining whether one is entitled to due process protection, *Furlong v. Shalala*, 156 F.3d 384 (2d Cir. 1998), and so a unilateral expectation of receiving some sort of a benefit is not enough to invoke constitutional protection. *Kapps v. Wing*, 404 F.3d 105 (2d Cir. 2005). Accordingly, in order to establish a due process right, a party must demonstrate a legitimate claim of entitlement to, as opposed to a mere need or desire for, or unilateral expectation of, the governmental conduct at issue; generally, an entitlement depends on mandatory, rather then discretionary, government conduct. *Adelke v. United States*, 355 F.3d 144 (2d Cir. 2004).

The property interests identified within Count Four and Count Five of plaintiff's complaint are inclusion into Westchester County's agriculture district, a New York State liquor license, issuance of a certificate of occupancy and use of plaintiff's property as a farming operation.

**Plaintiff Has No Entitlement To Enter Westchester County Agricultural District #1**

Section 303-b(4) of the New York State Agriculture and Markets Law provides, in pertinent part, as follows:

> "After a public hearing, the county legislative body shall adopt or reject the inclusion of the land requested to be included within an existing certified agricultural district."

The plain language of the statute establishes that the decision whether to include a parcel of property within an agricultural district is entirely within the discretion of the legislature, and therefore no applicant can be considered to have an entitlement to such a designation. There being no right to have one's property included within an agricultural district, such a property interest does not invoke constitutional protection and hence no constitutional violation arises out of the Westchester County Board of Legislator's decision to deny inclusion of plaintiff's property in an agricultural district.

**New York State Liquor License**

The complaint makes no allegation that Ms. Cooper had any interaction with the State Liquor Authority in connection with plaintiff's application for a liquor license. This, coupled with Ms. Cooper's affidavit that she had no such contact, means that Ms. Cooper cannot be held liable for this alleged wrong.

16

**Certificate of Occupancy**

As plaintiff's complaint fails to allege that plaintiff ever submitted an application seeking a certificate of occupancy, the alleged absence of a certificate of occupancy cannot form the basis of a due process violation.

**Use of Property as a Farming Operation**

The Old Stone Church property is zoned R1-20, which is a single family residential district. One of the permitted uses is as a farm provided that the requirements of §300-45 of the Town Code are met. However, to use the property commercially as a winery would require a zoning change. Plaintiffs' failure to seek a zoning change acts as a bar to any claim of due process violation.

**POINT VI**
**COUNT SIX OF PLAINTIFF'S COMPLAINT**
**ALLEGING A CONSPIRACY TO VIOLATE**
**PLAINTIFF'S CIVIL RIGHTS MUST BE DISMISSED**

Count Six of plaintiff's complaint specifically invokes 42 United States Code §1985 as a basis for relief. Section 1985(3) makes illegal conspiracies undertaken for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws and provides for an action for the recovery of damages occasioned by such injury or deprivation against any one or more of the conspirators.

In order to maintain a cause of action for conspiracy pursuant to 42 United States Code §1985, the plaintiff must plead, and prove 1) the existence of a conspiracy; 2) for

17

the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of law; 3) an act or acts in furtherance of the conspiracy; 4) whereby a person is either injured in his person or property or deprived of any right of citizens of the United States. *Britt v. Garcia*, 457 F.3d 264 (2d Cir. 2006), *Gray v. Town of Darien*, 927 F.2d 69 (2d Cir. 1991), citing *United Brotherhood of Carpenters & Joiners of Am. Local 610 v. Scott*, 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed. 1049 (1983). A §1985(3) claim must also be motivated by some racial, or otherwise class based, invidiously discriminatory animus behind the conspirator's action, and the complaint must allege, with at least some degree of particularity, overt acts which the defendants engaged in which were reasonably related to the promotion of the claimed conspiracy. *Thomas v. Roach*, 165 F.3d 137 (2d Cir. 1997).

Nowhere in plaintiff's complaint is there any allegation that the alleged conspiracy was entered into for the purpose of depriving plaintiff of equal protection of the laws. As such, a claim pursuant to 42 USC §1985 simply cannot be maintained.

18

## CONCLUSION

Based upon the foregoing, it is respectfully requested that the court grant the instant motion in its entirety, and dismiss plaintiff's complaint insofar as it attempts to assert claims against defendant LINDA COOPER.

Dated:  White Plains, New York
       August 21, 2008

Respectfully submitted,

VOUTÉ, LOHRFINK, MAGRO & COLLINS, LLP

by: _____
    Ralph F. Schoene
    Attorneys for Defendant LINDA COOPER
    170 Hamilton Avenue
    White Plains, New York 10601-1789
    Tel.:  (914) 946-1400